IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs September 9, 2003

## ANTHONY PHILLIPS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-26844     Bernie Weinman, Judge**

_____

**No. W2002-03004-CCA-R3-PC  - Filed September 16, 2003**

_____

The petitioner appeals the summary dismissal of his post-conviction relief petition based upon the expiration of the statute of limitations. He argues: (1) due process required the post-conviction court to hear his petition because of his attorney's inaction even though it was filed outside the statute of limitations; and, regardless, (2) his convictions should be set aside because they are based on void indictments. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JERRY L. SMITH, J., joined.

Anthony Phillips, Henning, Tennessee, *Pro Se*.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; William L. Gibbons, District Attorney General; and Emily B. Campbell, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On October 6, 1997, the petitioner pled guilty to two counts of felony murder, one count of aggravated robbery, and one count of especially aggravated kidnapping. Pursuant to a plea agreement, he received an effective sentence of two consecutive terms of life without parole. On October 25, 2002, the petitioner filed a post-conviction relief petition alleging (1) he received ineffective assistance of counsel in entering his guilty pleas, and (2) his convictions were void because the indictments charging him with felony murder were silent as to essential elements of the offense. The petitioner acknowledged the petition was filed outside the statute of limitations, but charged his trial counsel led him to believe he would pursue an appeal of a certified question of law challenging the constitutionality of the felony murder statute. *See* Tenn R. Crim. P. 37(b)(2). The post-conviction court dismissed the petition without an evidentiary hearing, finding it was not timely filed. The petitioner argues the trial court erred in dismissing his petition because application of the one-year

statute of limitations deprives him of due process. He further maintains the post-conviction court erred in dismissing his petition without addressing whether the indictments charging him with felony murder were valid.

## I. STATUTE OF LIMITATIONS FOR POST-CONVICTION RELIEF

A petition for post-conviction relief must be filed within one year of the final action of the highest state appellate court to which an appeal is taken, or, if no appeal is taken, within one year of the date on which the judgment became final, or consideration of the petition is barred. Tenn. Code Ann. § 40-30-202(a). Time is of the essence in claiming post-conviction relief, and compliance with the one-year statute is an element of the right to file a petition. *Id.* The statute itself provides three exceptions to the one-year statute of limitations: (1) when a new constitutional right has been recognized; (2) when the petitioner's innocence has been established by new scientific evidence; or (3) when a previous conviction that enhanced the petitioner's sentence has been held invalid. *Id.* § 40-30-202(b). The post-conviction court must also consider an otherwise untimely petition if the application of the statute of limitations would be a denial of due process. *See* Seals v. State, 23 S.W.3d 272, 278-79 (Tenn. 2000). The principles of due process are flexible, requiring a balancing of the petitioner's liberty interest against the state's finality interests. Sample v. State, 82 S.W.3d 267, 274 (Tenn. 2002).

In determining whether due process should toll the statute of limitations, courts should utilize a three-step process:

> (1) determine when the limitations period would normally have begun to run; (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim. In making this final determination, courts should carefully weigh the petitioner's liberty interest in "collaterally attacking constitutional violations occurring during the conviction process," [Burford v. State, 845 S.W.2d 204, 207 (Tenn. 1992)], against the State's interest in preventing the litigation of "stale and fraudulent claims." *Id.* at 208.

Sands v. State, 903 S.W.2d 297, 301 (Tenn. 1995) (footnote omitted).

In Williams v. State, 44 S.W.3d 464, 471 (Tenn. 2001), our state supreme court held due process concerns may require that the statute of limitations be tolled if a petitioner establishes his attorney's misrepresentations deprived him of a reasonable opportunity to seek post-conviction relief. The petitioner in Williams averred he believed his attorney was going to pursue a second-tier appeal after the Court of Criminal Appeals affirmed his conviction because his attorney failed to notify him of his intent to withdraw as counsel of record for the petitioner. *Id.* at 466. There was evidence that approximately nine months after Williams' conviction was affirmed, Williams' attorney

learned Williams had not received notice that he did not intend to file an application for permission to appeal on Williams' behalf. *Id*. at 465-66. The attorney then unsuccessfully sought additional time for Williams to file an application for permission to appeal to the state supreme court. *Id*. at 466. Williams then filed his petition for post-conviction relief approximately nine months after the statute of limitations had expired. *See id*. Holding that due process considerations may have tolled the statute of limitations, the Tennessee Supreme Court remanded the matter to the post-conviction court for a determination of whether the statute was tolled and whether the petitioner filed his petition within a reasonable time afforded by the tolling. *Id*. at 471.

While the petitioner correctly asserts due process may sometimes require that the statute of limitations be tolled, the trial court did not err in dismissing the instant petition under the facts alleged by the petitioner. Although the petitioner claimed his trial counsel led him to believe he would be pursuing an appeal on a certified question of law, the undisputed record shows the petitioner delayed for five years before seeking relief.[1] This hardly compares with the nine-month delay in Williams.

According to the facts alleged by the petitioner, his trial attorney promised to appeal a certified question of law concerning the constitutionality of the felony murder statute.[2] The petitioner asserted in his petition that he "stood by idly awaiting to hear from counsel" until "a prison legal advocate . . . informed [him] that if counsel had not contacted him by now, it was more than likely that counsel was not working on the case any longer." Even though the petitioner is a lay person, and even if the facts alleged by him are accurate, it is unreasonable for a person to passively wait five years to hear from an attorney before making any effort to discover the status of the case or to seek relief from a perceived injustice.

For these reasons, the facts alleged in the petition under review are distinguishable from those in Williams. The petitioner's reasonable opportunity to seek post-conviction relief expired long before the filing of his petition. We cannot conclude the petitioner's liberty interests outweigh the state's interest in finality where the petitioner "stood by idly" for a five-year period before seeking relief. *See* Burford, 845 S.W.2d at 208. Therefore, the post-conviction court did not err in dismissing the petition as untimely.

---

[1]None of the documents commemorating the plea agreement nor the petitioner's judgments, which were included as part of the appellate record, make any reference to a certified question of law. Further, a document entitled "Petition for Waiver of Trial by Jury and Request for Acceptance of Plea of Guilty" signed by the petitioner on the date of his pleas specifically states, "I fully understand my right to have my case reviewed by an Appellate Court, but hereby waive my right to a Motion for a New Trial and Appeal."

[2]Although we recognize the merit of a challenge to the constitutionality of the felony murder statute is not determinative of this appeal, such a challenge would be totally without merit. *See* State v. Godsey, 60 S.W.3d 759, 773 (Tenn. 2001) (upholding constitutionality of the felony murder statute).

## II.  VALIDITY OF FELONY MURDER INDICTMENTS

The petitioner contends he is entitled to relief because the indictments charging him with felony murder were invalid.  A guilty plea does not waive an objection to a void indictment.  State v. Carter, 988 S.W.2d 145, 148 (Tenn. 1999).  If an indictment is void for failing to allege an offense, the courts are deprived of jurisdiction. *Id.*  Therefore, regardless of whether his petition was timely filed, the petitioner would be entitled to relief if the record establishes his convictions were based on void indictments.

The petitioner submits the indictments did not allege he acted deliberately, knowingly, or recklessly in committing the felony murders.  The indictments at issue alleged the petitioner in October 1996 "did unlawfully and with the intent to commit a Robbery kill [the victims] during the perpetration of a Robbery, in violation of Tennessee Code Annotated 39-13-202. . . ."  The felony murder statute under which the petitioner was charged does not require proof of a culpable mental state except for the intent to commit the underlying felony.  Tenn. Code Ann. § 39-13-202(b) (Supp. 1996).  Further, an indictment alleging an unlawful killing in perpetration of robbery with a reference to the appropriate statute is valid.  State v. Sledge, 15 S.W.3d 93, 95 (Tenn. 2000).  This argument lacks merit.

Accordingly, we conclude the post-conviction court did not err in dismissing the petitioner's post-conviction relief petition.  We affirm the judgment of the post-conviction court.

JOE G. RILEY, JUDGE