**IN THE SUPREME COURT OF TENNESSEE
AT JACKSON**



**FILED**

**March 20, 2000**

Cecil Crowson, Jr.
**Appellate Court Clerk**

**FOR PUBLICATION**

**Filed:** March 20, 2000

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| APPELLEE, | ) | SHELBY CRIMINAL |
| | ) | |
| v. | ) | Hon. Joseph B. McCartie, Judge |
| | ) | |
| FREDERICK SLEDGE, | ) | No. W1994-00005-SC-R11-DD |
| | ) | |
| APPELLANT. | ) | |

FOR APPELLANT:

WILLIAM P. REDICK, JR.
Whites Creek

FOR APPELLEE:

PAUL G. SUMMERS
Attorney General and Reporter

MICHAEL E. MOORE
Solicitor General

JENNIFER L. SMITH
Assistant Attorney General
Nashville

# O P I N I O N

COURT OF CRIMINAL APPEALS
AFFIRMED AS MODIFIED

HOLDER, J.

## OPINION

We granted review to address whether omission of a culpable mental state in an indictment for felony murder rendered the indictment insufficient to support a conviction. We hold that inclusion in the language of the indictment of the explicit reference to the felony murder statutory section was sufficient to apprise the defendant of his charge and to protect the defendant from reprosecution for the same offense. The indictment satisfies the requirements enunciated by this Court in State v. Hill, 954 S.W.2d 725 (Tenn. 1997), Ruff v. State, 978 S.W.2d 95 (Tenn. 1998), and State v. Carter, 988 S.W.2d 145, 149 (Tenn. 1999). The defendant has raised numerous other issues in this appeal. We hold those issues are both moot and without merit. This case is remanded to the trial court for resentencing pursuant to the judgment of the Court of Criminal Appeals.

## FACTS

The defendant, Frederick Sledge, was convicted by a jury of first degree murder and especially aggravated robbery. He was sentenced to death for the first degree felony murder conviction and received a sentence of twenty-one years for the especially aggravated robbery conviction to be served consecutively.

The record indicates that the defendant admitted shooting the victim, Johnny Harris, on December 10, 1991. The first shot entered his back, penetrated his heart, and exited his chest. The second shot entered the back of his knee and exited just below the kneecap. Harris was found face-up with his pockets turned inside-out.

The defendant's statement indicated that he and two other individuals had followed Harris from a supermarket to Harris's apartment. The defendant approached Harris and demanded money. Harris gave the defendant his billfold containing only six or seven dollars. The defendant went through the victim's pockets and shot him.

The jury found the defendant guilty of felony murder. A sentencing hearing was held, and the jury found the existence of one aggravating circumstance: that the defendant had been previously convicted of one or more felonies whose statutory elements included the use of violence to the person. See Tenn. Code Ann. § 39-13-204(i)(2). The jury found that the aggravating circumstance outweighed the evidence of mitigating circumstances beyond a reasonable doubt. The jury sentenced the defendant to death by electrocution.

The Court of Criminal Appeals affirmed the defendant's conviction. The appellate court found that felony murder was not sufficiently charged in one count because the indictment failed to include an allegation of recklessness. The court, however, went on to find that a second count alleging a deliberate and premeditated killing lawfully charged the defendant with first degree murder, which could then be proved by showing the defendant committed felony murder.

The Court of Criminal Appeals reversed the defendant's sentence and remanded the case for resentencing holding that the trial court: (1) improperly allowed argument and a factual reference concerning the defendant's prior robbery convictions in violation of State v. Bigbee, 885 S.W.2d 797 (Tenn. 1994); and (2) unconstitutionally excluded mitigating evidence from a prison chaplain regarding the defendant's remorsefulness. The defendant appealed.

**ANALYSIS**

The defendant argues that his indictment charging felony murder is insufficient to support his conviction. He reasons that the indictment fails to specifically allege the requisite culpable mental state of recklessness. We disagree.

The defendant was indicted in Count One of the indictment for the crime of felony murder. The indictment read, in pertinent part, that the defendant:

> did unlawfully kill Johnny Harris during the perpetration of Aggravated Robbery, in violation of T.C.A. 39-13-202, against the peace and dignity of the State of Tennessee.

At the time of the commission of the offense, the crime of felony murder required "[a] reckless killing of another committed in the perpetration of . . . any . . . robbery." <u>See</u> Tenn. Code Ann. § 39-13-202 (Repl. 1991). The issue now before us is whether the omission of the term "reckless" from the indictment rendered the conviction invalid.

This Court has previously held that specific reference to a statute within the indictment may be sufficient to place the accused on notice of the charged offense. <u>See</u> <u>State v. Carter</u>, 988 S.W.2d 145, 149 (Tenn. 1999); <u>Ruff v. State</u>, 978 S.W.2d 95 (Tenn. 1998). The language of the indictment provided the trial court with ample information upon which to base a proper judgment. <u>See</u> <u>Carter</u>, 988 S.W.2d at 149; <u>Ruff</u>, 978 S.W.2d at 97, 99. The indictment further provided ample information to protect the defendant from reprosecution for the same offense. <u>See</u> <u>Carter</u>, 988 S.W.2d at 149; <u>Ruff</u>, 978 S.W.2d at 97, 99. The language of the indictment was clear and concise and met the requirements of Tenn. Code Ann. § 40-13-202 (Repl. 1991).[1] <u>See</u> <u>Carter</u>, 988 S.W.2d at 149; <u>Ruff</u>, 978 S.W.2d at 97, 99. Lastly, we conclude that recklessness, knowledge, or intent may be inferred from the conduct alleged in the indictment--that the defendant unlawfully killed Harris during the perpetration of the aggravated robbery. <u>See</u> <u>generally</u> <u>Carter</u>, 988 S.W.2d at 149; <u>Ruff</u>, 978 S.W.2d at 97, 99. We hold that the indictment clearly satisfies the requirements set forth in <u>Carter</u>, <u>Ruff</u>, and <u>State v. Hill</u>, 954 S.W.2d 725 (Tenn. 1997). This issue is devoid of merit. Although for slightly different reasoning than relied upon by the Court of Criminal Appeals, we affirm the conviction.

As a final matter, we note that the defendant has raised numerous other issues in this appeal.[2] Although the Court of Criminal Appeals reversed the defendant's sentence and remanded the case for a new sentencing hearing, the defendant has raised issues in this appeal concerning the validity of his death

---

[1]Pursuant to Tenn. Code Ann. § 40-13-202 (1990), an indictment must:

> state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment; . . . .

[2]In this appeal, the defendant included in the appendix excerpts of the brief he filed in the intermediate appellate court. The issues raised in those excerpts were incorporated by reference into the defendant's application for discretionary review to this Court. While we do not encourage this practice, we reserve the right to permit such incorporation on a case-by-case basis.

sentence and his sentencing hearing. While these issues would ordinarily be considered moot, we have reviewed the issues raised. Upon review, we affirm the disposition of the Court of Criminal Appeals with respect to the remaining issues. The defendant, however, may raise these issues in any subsequent appeal should the issues remain relevant following the defendant's resentencing.

This case is remanded to the trial court for a new sentencing hearing pursuant to the order of the Court of Criminal Appeals. It appearing that the defendant is indigent, costs of this appeal shall be taxed to the State.

JANICE M. HOLDER, JUSTICE

**Concurring:**

Anderson, C.J.
Drowota, Birch, and Barker, J.J.