IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## STATE OF TENNESSEE v. ROBIN MCNEAL VANHOOSE

**Direct Appeal from the Criminal Court for Hardin County**
**No. 7797     C. Creed McGinley, Judge**

---

**No. W1999-00708-CCA-R3-CD - Decided July 28, 2000**

---

The defendant was convicted by a Hardin County jury of aggravated assault and received an eight-year sentence as a Range II multiple offender. He now appeals his conviction alleging (1) the indictment does not state an offense; and (2) the evidence is insufficient to support aggravated assault. We conclude the indictment adequately informed the defendant of the offense charged, and the evidence presented at trial was sufficient for the jury to conclude he was guilty of aggravated assault. Thus, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed.**

RILEY, J., delivered the opinion of the court, in which GLENN, J., joined. TIPTON, J., dissents without filing a separate opinion.

Ed Neal McDaniel, Savannah, Tennessee, for the appellant, Robin McNeal Vanhoose.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; G. Robert Radford, District Attorney General; and John W. Overton, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

On December 15, 1998, the victim's next door neighbors were having a party and a domestic dispute erupted. Kathy Creasy, the sister of the victim's girlfriend, was badly beaten by her ex-husband, David Creasy. The victim, William Hughes, went next door to get Kathy Creasy and her nine-year-old child. He brought Creasy and the child to his residence.

Shortly thereafter, the defendant, who had been next door, entered the victim's residence and a fight ensued between the two men. Thereafter, the defendant left the premises but returned approximately fifteen to twenty minutes later. He knocked on the victim's door and when Hughes answered, the defendant pointed a 12 gauge shotgun at him. The victim grabbed the gun, and a shot was fired. Neither the defendant nor the victim was wounded. Subsequently, the victim wrestled

the gun away from the defendant and fired at the window to the left of the defendant's head. The victim was able to subdue the defendant.

The defendant gave a statement to authorities in which he admitted going to the victim's house and pointing the gun at him in an attempt to "scare" him. However, at trial, the defendant claimed he was too drunk to remember the details of the incident and asserted he "blacked out" off and on throughout the evening.

The defendant was convicted of aggravated assault and received an eight-year sentence as a Range II multiple offender. The defendant now challenges both the sufficiency of the indictment and the sufficiency of the convicting evidence.

## SUFFICIENCY OF THE INDICTMENT

The defendant asserts the indictment was insufficient for failing to state an offense. He claims the indictment merely alleged an assault by displaying a deadly weapon and alleged insufficient facts. Thus, he argues the indictment and subsequent conviction are void.

The defendant was indicted for the crime of aggravated assault. The indictment read, in pertinent part, that on December 15, 1998, the defendant

> did intentionally or knowingly commit an assault on the person of William Hughes, by the use or display of a deadly weapon, to-wit: a loaded 12 ga. shotgun, thereby committing the offense of Aggravated Assault, in violation of Tenn. Code. Ann. § 39-13-102(a)(1)(B), against the peace and dignity of the State of Tennessee.

The defendant was convicted under the subsection of the aggravated assault statute which requires the commission of an assault with the "use or display of a deadly weapon." *See* Tenn. Code Ann. § 39-13-102(a)(1)(B). An assault occurs when the defendant either causes "bodily injury to another" or causes "another to reasonably fear imminent bodily injury." *See* Tenn. Code Ann. § 39-13-101(a)(1) and (2). The issue now before us is whether the omission of specific allegations of "bodily injury" or allegations that the victim feared "imminent bodily injury" rendered the conviction invalid.

Judge Tipton, a member of this panel, authored an opinion in which this court dismissed an indictment that is similar to the indictment presently before us. *See* State v. Donald Ray Hammonds, C.C.A. No. 03C01-9709-CR-00420, Sullivan County (Tenn. Crim. App. filed June 24, 1999, at Knoxville), *perm. to app. granted* January 1, 2000. That panel concluded the indictment did not sufficiently allege an aggravated assault in the absence of any allegation concerning "bodily injury" or fear of "imminent bodily injury." Judge Tipton continues to adhere to his opinion in *Hammonds*.

In a case decided after the grant of permission to appeal in *Hammonds*, the Tennessee Supreme Court re-emphasized that specific references to a statute within the indictment may be

sufficient to place the accused on notice of the charged offense and to protect the accused from reprosecution for the same offense. State v Sledge, 15 S.W.3d 93, 94-95 (Tenn. 2000). Likewise, the majority of this panel concludes this indictment provided an adequate basis for entry of a proper judgment by the trial court. We conclude that fear of imminent bodily injury may be inferred from the conduct and statutory reference alleged in the indictment. *See generally,* Sledge, 15 S.W.3d at 95; State v.Carter, 988 S.W.2d 145, 149 (Tenn. 1999); Ruff v. State, 978 S.W.2d 95, 97 (Tenn. 1998); State v. Hill, 954 S.W.2d 725, 729 (Tenn. 1997). The indictment stated the date of the alleged incident, the victim of the alleged incident, and stated the defendant intentionally committed an aggravated assault with a 12 ga. shotgun in violation of Tenn. Code. Ann. 39-13-102(a)(1)(B). Thus, the majority concludes the indictment satisfies the requirements set forth in *Sledge, Carter, Ruff and Hill.* Judge Tipton disagrees and concludes this indictment is insufficient to charge aggravated assault for the reasons stated in *Hammonds.*

## SUFFICIENCY OF THE EVIDENCE

The defendant contends that the evidence is insufficient to sustain his conviction for aggravated assault. He claims it was the victim who assaulted him, and he never threatened the victim.

Great weight is given to the jury verdict in a criminal trial, and it accredits the state's witnesses and resolves all conflicts in the state's favor. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992); State v. Johnson, 910 S.W.2d 897, 899 (Tenn. Crim. App. 1995). On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. Bigbee, 885 S.W.2d at 803; State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Furthermore, a guilty verdict replaces the presumption of innocence with a presumption of guilt which appellant must overcome on appeal. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973).

Aggravated assault is a knowing or intentional assault, as defined in Tenn. Code Ann. § 39-13-101, by use or display of a deadly weapon . Tenn. Code Ann. § 39-13-102(a)(1)(B). A person commits an assault if he intentionally or knowingly causes bodily injury or causes another to reasonably fear imminent bodily injury. Tenn. Code Ann. § 39-12-101(a)(1) and (2).

At trial the defendant admitted that he retrieved a loaded gun and returned to the victim's home in order to "scare" the victim. The victim testified that when he opened the door, the defendant was pointing a 12 gauge shotgun at him. He stated that he was "scared," and he believed the defendant was going to shoot him. Further testimony revealed that the victim yelled for someone in the apartment to call the police because the defendant had a weapon. The essence of the defendant's testimony was that he was so drunk that he could not remember the details of the attack.

The trial court appropriately noted that when another person enters one's property with a loaded firearm, it is reasonable to infer the victim of such an intrusion would fear imminent bodily injury. We unanimously conclude the evidence was sufficient to sustain the conviction for

aggravated assault.

## **CONCLUSION**

The majority concludes the language in the indictment sufficiently alleged the offense of aggravated assault. Judge Tipton dissents from this conclusion and would reverse and dismiss the indictment. We unanimously conclude the evidence was sufficient to sustain the defendant's conviction for aggravated assault. Thus, the judgment of the trial court is affirmed.

_____