# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs September 27, 2000

## STATE OF TENNESSEE v. RICKY LEE NETHERTON

**Appeal from the Criminal Court for Cumberland County**
**No. 5321     Lille Ann Sells, Judge**

---

**No. E2000-01016-CCA-R3-CD**
**December 6, 2000**

---

The defendant appeals his conviction for especially aggravated robbery, contesting the validity of the indictment and the length of his sentence. We affirm the judgment of the trial court.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JERRY L. SMITH and JAMES CURWOOD WITT, JR., JJ., joined.

David Neal Brady, District Public Defender, and Joe L. Finley, Jr., Assistant District Public Defender, for the appellant, Ricky Lee Netherton.

Paul G. Summers, Attorney General and Reporter; Clinton J. Morgan, Counsel for the State; William Edward Gibson, District Attorney General; and Anthony J. Craighead, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant, Ricky Lee Netherton, appeals as of right his conviction for especially aggravated robbery, a Class A felony. He argues that (1) the trial court erred in failing to dismiss the indictment because the indictment is overbroad, confusing, and omits essential elements of the offense and (2) the trial court imposed an excessive sentence by improperly applying two enhancement factors.

At trial, Clifford Reeves, the victim, testified as follows: He owns a small bar in Cumberland County, and on September 28, 1998, at 9:00 p.m., the defendant came into the bar with two other people. Barbara Reeves, Jean Wightman, and Sally Wightman were in the bar at this time. The defendant asked him about some guns that the defendant had sold to him four years ago. He told the defendant that he no longer had them. The defendant then said, "You're killing my brother. I've got to kill you." The defendant then put a gun to Mr. Reeves's head, and Mr. Reeves attempted to knock the gun away with his hand, at which point the gun discharged sending a bullet through Mr. Reeves's

hand and into his leg. The defendant pointed the gun at Mr. Reeves a second time, and Mr. Reeves hit it again, causing the gun to fire a bullet into the floor. The defendant demanded to be given the money out of the register and out of the back room. Barbara Reeves, the victim's wife, gave the defendant the money, and the defendant left the bar.

Barbara Reeves, Jean Wightman, and Sally Wightman testified about the robbery. Their testimony was substantially similar to that of Mr. Reeves with the exception that they did not hear the initial conversation between the defendant and the victim.

Investigator Wiley Potter of the Cumberland County Sheriff's Department testified that he was assigned to the defendant's case. He said that he processed the defendant's car and found a .22 caliber, stainless steel revolver under the driver's seat and two hundred sixty-two dollars in the car's console. He stated that Deputy Bobby Barker gave him two hundred ninety dollars that was in the defendant's pockets when he was arrested. Special Agent Robert Royse of the Tennessee Bureau of Investigation Crime Laboratory testified that the bullet recovered from the victim's body was fired from the gun found in the defendant's car.

The defendant testified as follows: On September 28, 1998, he and two friends went to the victim's bar to give him a gun to pay for a gambling debt incurred while playing on the victim's poker machine. When he pulled out the gun to show it to the victim, the victim grabbed the gun and jerked it, causing it to fire. The defendant asked the victim what he was doing, but the victim grabbed the gun again, causing it to fire a second time. The defendant then said that the victim should pay him the money that he lost playing the poker machine. The victim's wife gave him a bag of money, but he did not take it with him when he left the bar. The defendant explained that the money was found in his car because one of his friends took the bag of money when they left.

## I. SUFFICIENCY OF THE INDICTMENT

The defendant argues that the indictment charging him with especially aggravated robbery should have been dismissed because it is overbroad, confusing, and omits essential elements of the crime. The state responds that the indictment is sufficient.

The indictment states the following:

The Grand Jurors of Cumberland County, Tennessee, duly empaneled and sworn upon their oath present that Ricky Lee Netherton on the 28th day of September, 1998, in Cumberland County, Tennessee, and before the finding of this indictment, did unlawfully, and intentionally knowingly and violently, as a result of which Clifford Reeves suffered serious bodily injury, and by use of a deadly weapon, to-wit: a handgun, take from the person of Clifford Reeves, money, of value, in violation of T.C.A. § 39-13-403, and against the peace and dignity of the State of Tennessee.

-2-

Under both the United Sates and Tennessee Constitutions, an indictment must inform the accused of "the nature and cause of the accusation." U.S. Const. amend. VI; see Tenn. Const. art. I, § 9. Furthermore, its form must satisfy the requirements of Tenn. Code Ann. § 40-13-202, which states that an indictment

> must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment.

The Tennessee Supreme Court has held that an indictment satisfies the constitutional guarantees of notice to the accused "if it provides sufficient information (1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court an adequate basis for entry of a proper judgment, and (3) to protect the accused from double jeopardy." State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997) (citations omitted). Moreover, our supreme court recently emphasized the "relaxation of common law pleading requirements and its reluctance to elevate form over substance when evaluating the sufficiency of indictments" and stated that "indictments which achieve the overriding purpose of notice to the accused will be considered sufficient to satisfy both constitutional and statutory requirements." State v. Donald Ray Hammonds, No. E1997-00101-SC-R11-CD, Sullivan County, slip op. at 6 (Tenn. Oct. 2, 2000) (for publication). Our supreme court, as well as this court, has held that "where the constitutional and statutory requirements outlined in Hill are met, an indictment that cites the pertinent statute and uses its language will be sufficient to support a conviction." State v. Carter, 988 S.W.2d 145, 149 (Tenn. 1999); see Donald Ray Hammonds, slip op. at 6; State v. Sledge 15 S.W.3d 93, 95 (Tenn. 2000) (citations omitted); Hill, 954 S.W.2d at 728 (stating that in support of relaxing the pleading requirements, "the purpose of the traditionally strict pleading requirement was the existence of common law offenses whose elements were not easily ascertained by reference to a statute" and that "[s]uch common law offenses no longer exist"); State v. Kenneth D. Melton, No. M1999-01248-CCA-R3-CD, Sumner County, slip op. at 5 (Tenn. Crim. App. Aug. 4, 2000) ("[A]ssuming satisfaction of the constitutional and statutory requirements in Hill, an indictment's reference to the pertinent statute will cure the indictment's omission of an essential element of the offense."); see also State v. Brandon Wilson, No. 1996-00006-SC-R11-CD, Blount County, slip op. at 4 (Tenn. Sept. 18, 2000) (for publication) (holding that reference to the appropriate statute provided the defendant with sufficient notice of the mental element which was omitted from the indictment); State v. Larry Edward Englet, No. W1999-00283-CCA-R3-CD, Madison County, slip op. at 4 (Tenn. Crim. App. May 8, 2000) (holding that reference to felony marijuana possession statute cured the defect in the indictment of not alleging the amount of marijuana in the defendant's possession).

In the present case, the defendant was convicted of especially aggravated robbery, which is defined as robbery accomplished with a deadly weapon where the victim suffered serious bodily injury. Tenn. Code Ann. § 39-13-403. Robbery is defined as "the intentional or knowing theft of property from the person of another by violence or putting the person in fear." Tenn. Code Ann. § 39-13-401. Finally, a person commits theft of property if, "with the intent to deprive the owner of

property, the person knowingly obtains or exercises control over the property without the owner's effective consent." Tenn. Code Ann. § 39-14-103.

The indictment does not contain any punctuation between intentionally and knowingly. The defendant, without explanation, inserts an "or" between these two words and then argues that the indictment charges "unlawfully and intentionally" or "knowingly and violently" as alternative means of committing the robbery. Because robbery requires theft "by violence or putting the person in fear," the defendant argues that the first alternative in the indictment – unlawfully and intentionally – fails to allege the "by violence" element of robbery, and thus, the indictment is overbroad. However, the indictment does not contain the word "or" between intentionally and knowingly, and we believe that the lack of punctuation does not imply an "or." Reading the indictment in this way, the indictment does allege that the robbery was committed by violence. In any event, the indictment's reference to the appropriate statute, as discussed above, cures the indictment's omission of an element of the offense if the constitutional and statutory requirements outlined in Hill are satisfied.

As for the constitutional requirements, the indictment's factual allegations, which include setting forth the mental element, the victim's name, the nature of the injury, the type of weapon used, and the property taken, inform the defendant of the charge that he was facing. Moreover, the factual allegations as well as the reference to the pertinent statute provided the court an adequate basis for entry of a proper judgment. See Larry Edward Englet, slip op. at 3-4. Likewise, the factual allegations and the statutory reference protect the defendant from being placed in jeopardy for the same offense a second time. See id. The indictment also satisfies the statutory requirements of Tenn. Code Ann. § 40-13-202. The facts noted above are provided in ordinary and concise language in such a way that a person of common understanding would know what was intended. Also, the language was sufficiently certain to enable the court to pronounce the proper judgment. Because the constitutional and statutory requirements for a valid indictment are satisfied, the indictment's reference to the pertinent statute cures any defect that may exist from failing to include the "by violence" element of robbery.

The defendant also argues that the trial court should have dismissed the indictment because it alleges "taking of property," not "theft of property," which is part of the definition of robbery, nor does it allege the elements of theft. See Tenn. Code Ann. § 39-14-103. "Taking of property" arguably implies that the person intended to deprive the owner of property and that the owner did not consent, especially in light of the other factual allegations in the indictment – including that the victim suffered serious bodily injury and that the defendant used a handgun and took money from the victim. However, taking of property, unlike theft of property, is not legally defined to include these elements. Therefore, the indictment on its face omits the elements of theft. However, as discussed above, because the indictment satisfied the constitutional and statutory requirements as set forth in Hill, the reference to the especially aggravated robbery statute cures this omission. The indictment is sufficient.

## II. SENTENCING ISSUES

The defendant contends that the trial court imposed an excessive sentence by improperly applying two enhancement factors – that the defendant treated the victim with exceptional cruelty, Tenn. Code Ann. § 40-35-114(5), and that the defendant had a previous history of unwillingness to comply with the conditions of a sentence involving release into the community, Tenn. Code Ann. § 40-35-114(8). The defendant argues that the remaining enhancement factor, factor (1), does not justify by itself a sentence of four years above the presumptive sentence of twenty years. The state responds that the trial court properly sentenced the defendant.

When a defendant appeals the length, range, or manner of service of a sentence imposed by the trial court, this court conducts a de novo review of the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d). The presumption of correctness is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden of showing that the sentence is improper is upon the appealing party. Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments. However, if the record shows that the trial court failed to consider the sentencing principles and all relevant facts and circumstances, then review of the sentence is purely de novo. Ashby, 823 S.W.2d at 169.

In the present case, the presumption of correctness applies because the record reveals that the trial court considered all the relevant facts and circumstances as well as sentencing principles. The trial court reviewed the presentence report; heard the testimony of witnesses, including the defendant; and considered arguments of counsel. The trial court found that enhancement factors (1), (8), and (13)(C) applied but that factor (4) did not. The court started at the presumptive midpoint sentence of twenty years but increased the sentence to twenty-four years based upon the presence of three enhancement factors and the absence of any mitigating factors.

The defendant argues that the trial court improperly applied the enhancement factor that he treated the victim with exceptional cruelty during the commission of the offense. Tenn. Code Ann. § 40-35-114(5). Although the trial court commented on the cruelty of the crime, it affirmatively stated that it was not an enhancement factor. The defendant acknowledges this statement but summarily asserts that the trial court considered this factor nonetheless. Based upon the trial court's affirmative statement that cruelty was not an enhancement factor, we conclude that the trial court did not apply this factor in sentencing the defendant.

The defendant also contends that the trial court improperly applied enhancement factor (8) by relying on the fact that he was on probation at the at the time he committed the present offense. The defendant correctly states that committing an offense while on probation does not trigger the application of enhancement factor (8), which requires a previous history of unwillingness to comply with the conditions of a sentence involving release into the community. See State v. Hayes, 899 S.W.2d 175, 185-86 (Tenn. Crim. App. 1995) (noting that factor (13)(C) applies when the offense is committed while on probation). However, the trial court did not base its application of factor (8) upon the fact that the defendant was on probation. The trial court stated,

> I do find the enhancement (8) applies in this case and that it is that the defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release into the community. The court specifically finds that as an enhancement factor and that this defendant was on probation at the time that he committed this offense. So the court is finding that that factor does apply as well.

(Emphasis added). This statement reveals that the trial court found that both factor (8) and (13)(C) applied, although the latter was not referred to by number. Moreover, the presentence report reveals that the defendant was on probation at the time he committed the present offense and also that he had previously violated two probationary sentences. Therefore, the trial court properly applied both factors (8) and (13)(C). Because the trial court properly found three enhancement factors and no mitigating factors, we conclude that the trial court did not err in increasing the defendant's sentence from twenty to twenty-four years.

Based upon the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, JUDGE