IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## CHARLES CRENSHAW, PRO SE v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. —27353; 00-03796-798   W. Fred Axley, Judge**

_____

**No. W2003-01868-CCA-R3-CD  - Filed March 19, 2004**

_____

This matter is before the Court upon the State's motion to affirm the judgment of the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals. The Petitioner, Charles Crenshaw, appeals the trial court's denial of his motion for arrest of judgment. Finding that the instant petition is not proper as either a motion in arrest of judgment, petition for post-conviction relief, or application for writ of habeas corpus relief, we affirm the dismissal of the trial court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOE G. RILEY and JOHN EVERETT WILLIAMS, JJ. joined.

Charles Crenshaw, pro se.

Paul G. Summers, Attorney General & Reporter; Thomas E. Williams, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

On October 9, 2000, Petitioner, pursuant to a negotiated plea agreement, entered guilty pleas to two counts of aggravated robbery. For these offenses, Petitioner was sentenced as a persistent offender, to concurrent sentences of twenty years on each count. These sentences were ordered to be served consecutive to an undisclosed sentence in case number 0003798. Subsequently, on May 14, 2003, Petitioner submitted a pleading captioned "Motion of Petitioner for Arrest of Judgment" in the Shelby County Criminal Court. Petitioner is currently confined at West Tennessee State Penitentiary in Henning, Tennessee. In the filing, Petitioner alleges that the judgment of conviction is constitutionally void and must be set aside. In support thereof, Petitioner maintains that the indictment against him fails to allege an offense in that the indictments charging him with aggravated robbery did not allege the element of intent nor did the indictments allege that the Defendant placed the victims in fear of their lives. The State of

Tennessee filed a motion to dismiss, citing the Petitioner's failure to timely file the motion for arrest of judgment. By order entered July 7, 2003, the trial court summarily dismissed the motion, finding that "Petitioner's request for relief is beyond the time limit required by law." Petitioner timely appealed the trial court's denial to this Court.

The State correctly asserts that a motion for arrest of judgment must be filed within thirty days of the date the order of the sentence is entered. *See* Tenn. R. Crim. P. 34. Petitioner was sentenced on October 9, 2000. Accordingly, the State argues that the motion for arrest of judgment filed on May 14, 2003, was well outside the thirty day time period for filing such motion. Additionally, the State argues that the motion, if treated as a petition for post-conviction relief, is barred by the statute of limitations. *See* Tenn. Code Ann. § 40-30-102 (2003 Repl.). Finally, the State asserts that, if the petition is treated as an application for the issuance of a writ of habeas corpus, the petition was not filed in the proper court. *See* Tenn. Code Ann. § 29-21-105.

The State's position is well-taken. Rule 34, Tennessee Rules of Criminal Procedure, provides that a motion for arrest of judgment must be filed within thirty days of the date the order of sentence is entered. The present petition was filed almost three years after the sentence was entered. Similarly, the statute of limitation for filing a petition for post-conviction relief has long since expired. *See* Tenn. Code Ann. § 29-21-105.

*Habeas corpus* relief addresses detentions that result from void judgments or expired sentences. *See Archer v. State,* 851 S .W.2d 157, 164 (Tenn. 1993). The Petitioner in this case does not argue that his sentence has expired; therefore, he is a candidate for *habeas corpus* relief only if the judgment or sentence is void. The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Archer,* 851 S.W.2d at 165. The Petitioner is currently incarcerated in Lauderdale County, Tennessee. The present petition, however, was filed in Shelby County, Tennessee. Pursuant to Tennessee Code Annotated § 29-21-105, a petition for writ of habeas corpus must be filed in the court most convenient in point of distance to the applicant, unless a sufficient reason is stated in the petition for not applying to such court. *See Muhammad v. State,* No. 01C01-9707-CC-00300 (Tenn. Crim. App. at Nashville, Dec. 18, 1997). Petitioner has failed to offer explanation as to why the petition was not filed in Lauderdale County. Thus, a petition for habeas corpus relief could be dismissed on this basis alone.

Notwithstanding procedural default, we acknowledge that, although in most instances a challenge to the sufficiency of an indictment is not a cognizable claim in a habeas corpus proceeding, *see Haggard v. State,* 4 Tenn.Crim.App. 620, 475 S.W.2d 186, 187-88 (Tenn.Crim.App.1971); Tenn. R.Crim. P. 12(b)(2) (stating that "[d]efenses and objections based on defects in the indictment" must be raised prior to trial), the indictment may be challenged if the objection is based on the failure of the indictment to state an offense. *See State v. Nixon,* 977 S.W.2d 119 (Tenn.Crim.App.1997); *see also Willie Tom Ensley v. Howard Carlton, Warden,* No. E2002-00878-CCA-R3-PC, 2002 WL 31375581, *2 (Tenn.Crim.App. at Knoxville, Oct. 21, 2002), *perm. to appeal denied,* (Tenn. Feb. 18, 2003). The rationale is that the resulting conviction is void because there is no crime before the court. *Willie Tom Ensley v. Howard*

*Carlton, Warden,* No. E2002-00878-CCA-R3-PC, 2002 WL 31375581, at *2. Thus, if an invalid indictment fails to properly charge an offense and, thereby, causes the convicting court to be without jurisdiction, that indictment may be challenged in a habeas corpus proceeding. *Willie Tom Ensley v. Howard Carlton, Warden,* No. E2002-00878-CCA-R3-PC, 2002 WL 31375581, at *2. Petitioner alleges that the indictments failed to allege the proper mental state for the indicted offense of aggravated robbery. The indictments contained the following language:

> . . .that CHARLES CRENSHAW, (AKA CARLOS CRENSHAW) . . . on July 13, 1999 . . . did unlawfully, knowingly, and violently, by use of a[n] unknown object, used and fashioned to lead ADRIAN BIBBS to reasonably belief it to be a deadly weapon, obtain from the person of ADRIAN BIBBS, an unknown amount of cash, proper goods and chattels . . . in violation of T.C.A. 39-13-402 . . . .

and

> . . . that CHARLES CRENSHAW, (AKA CARLOS CRENSHAW) . . . on July 13, 1999 . . . did unlawfully, knowingly, and violently, by use of a[n] unknown object, used and fashioned to lead CHRISTINE BOWEN to reasonably belief it to be a deadly weapon, obtain from the person of CHRISTINE BOWEN, a purse, its contents and a sum of money under $500. . . in violation of T.C.A. 39-13-402. . . .

Petitioner's allegations are devoid of merit. It is clear from the language of the indictments that the mental state was clearly delineated in the charging instruments. Notwithstanding, our supreme court has previously held that specific reference to a statute within the indictment may be sufficient to place the accused on notice of the charged offense. *See State v. Sledge*, 15 S.W.3d 93, 95 (Tenn. 2000); State *v. Carter,* 988 S.W.2d 145, 149 (Tenn.1999); *Ruff v. State,* 978 S.W.2d 95 (Tenn.1998). Moreover, the language of the indictments provided the trial court with ample information upon which to base a proper judgment. *Sledge,* 15 S.W.3d at 95; *Carter,* 988 S.W.2d at 149; *Ruff,* 978 S.W.2d at 97, 99. The language of the indictment was clear and concise and met the requirements of Tenn.Code Ann. § 40-13-202. *See Carter,* 988 S.W.2d at 149; *Ruff,* 978 S.W.2d at 97, 99. Lastly, we conclude that the applicable mental state may be inferred from the conduct alleged in the indictment. *See generally Carter,* 988 S.W.2d at 149; *Ruff,* 978 S.W.2d at 97, 99. We conclude that the indictment clearly satisfies the requirements set forth in *Carter, Ruff,* and *State v. Hill,* 954 S.W.2d 725 (Tenn.1997).

Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

DAVID G. HAYES, JUDGE