IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 4, 2008

## HARVEY BAKER v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Hardeman County**
**No. RD 07-02-0252     Joseph Walker, Judge**

_____

**No. W2007-02032-CCA-R3-HC  - Filed March 11, 2009**

_____

Petitioner, Harvey Baker, appeals the denial of habeas corpus relief by the trial court. Petitioner contended that the indictment on which his conviction was based was duplicitous, vague, ambiguous, faulty, and incomplete. As a result, Petitioner contended that the indictment was void. The trial court summarily dismissed the petition. After a thorough review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3, Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., joined.

Harvey Baker, *Pro Se*.

Robert E. Cooper, Jr., Attorney General and Reporter; and Cameron L. Hyder, Assistant Attorney General, for the Appellee, the State of Tennessee.

### OPINION

**I. Background**

On August 3, 2001, Robbie L. Jones was found dead in her home located in Wilson County. Ms. Jones had been beaten to death during a robbery. Petitioner pled guilty to criminal responsibility for felony murder and was sentenced to life in prison on January 28, 2003. On August 7, 2007, Petitioner filed a petition for a writ of habeas corpus. Petitioner contended that the indictment on which his conviction was based was duplicitous, vague, ambiguous, faulty, and incomplete. As a result, Petitioner contended that the indictment was void. The trial court summarily denied the petition on August 13, 2007. The trial court concluded that the Petitioner failed to attach the indictment and that the sentence being challenged had not yet expired.

**II. Analysis**

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tennessee Code Annotated section 29-21-101 codifies the applicable procedures for seeking a writ. While there is no statutory time limit in which to file for habeas corpus relief, Tennessee law provides very narrow grounds upon which such relief may be granted. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A habeas corpus petition may be used only (1) to contest void judgments which are facially invalid because the convicting court was without jurisdiction or authority to sentence a defendant or (2) if defendant's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). The petitioner has the burden of establishing by a preponderance of the evidence that the judgment is void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

In the instant case, it appears the trial court overlooked the felony murder indictment which was filed as an exhibit to the petition. For whatever reason, an indictment from Bradley County was also included with the petition, and that indictment is the one to which the trial court refers in its order. However, the indictment for felony murder in Wilson County was properly included with the petition. Although the trial court overlooked the indictment and summarily dismissed the habeas corpus petition for that reason, we still conclude, after a review of the petition, that it was appropriate for the trial court to summarily dismiss the petition.

For an indictment to be constitutionally sufficient it must provide enough information to (1) enable the accused to know the accusation against him, (2) to furnish the court adequate basis for the entry of proper judgment, and (3) to protect the accused from double jeopardy. State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997). In the instant case, the indictment is sufficient. The charging element of the indictment states,

> [Petitioner] unlawfully and acting with intent to promote or assist the commission of the offense of felony first degree murder or to benefit in the proceeds or results of felony first degree murder, the said Harvey Baker did solicit, direct, aid, or attempt to aid Richard Porter to commit the offense of felony first degree murder to wit: the killing of Robbie I. Jones in the perpetration of aggravated burglary in violation of T.C.A. 39-11-402 and T.C.A. 39-123-202, against the peace and dignity of the State of Tennessee.

Petitioner contends that because the title of the indictment lists "CRIMINAL RESPONSIBILITY FOR FELONY FIRST DEGREE MURDER" and "CRIMINAL RESPONSIBILITY FOR SECOND DEGREE MURDER" it is duplicitous. It appears from the record that petitioner was originally indicted for criminal responsibility for first degree murder and criminal responsibility for second degree murder. The judgment form for criminal responsibility for first degree murder shows that count two of the indictment was dismissed. Looking at the indictment as excerpted above, it is clear that the language is sufficient to notify Petitioner of the crime for which he is charged, that it allows the court to pass adequate judgment, and that it protects him from double jeopardy because he is only charged with one homicide. See State v. Sledge, 15 S.W.3d 93, 95 (Tenn. 2000). Accordingly, Petitioner is not entitled to relief as to this issue.

**CONCLUSION**

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE