IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 5, 2015

## STATE OF TENNESSEE v. FREDRICK SLEDGE

**Direct Appeal from the Criminal Court for Shelby County**
**No. 9204081      James M. Lammey, Jr., Judge**

_____

**No. W2014-02305-CCA-R3-CD  -  Filed August 25, 2015**

_____

A Shelby County jury convicted the Defendant, Fredrick Sledge, of first degree felony murder and especially aggravated robbery, and it imposed a sentence of death for the first degree felony murder conviction. The trial court imposed a consecutive twenty-year sentence for the especially aggravated robbery conviction. The Defendant appealed his convictions and sentences, and we affirmed his conviction and sentence for the especially aggravated robbery conviction. We also affirmed his conviction for first degree felony murder but concluded that errors during the sentencing phase required reversal of the death sentence. We remanded the case to the trial court for resentencing for the first degree felony murder conviction. *See State v. Fredrick Sledge*, No. 02C01-9405-CR-00089, 1997 WL 730245, at *1 (Tenn. Crim. App., at Jackson, Nov. 25, 1997). On remand, the Defendant was sentenced to life for the first degree murder conviction to be served consecutively to his twenty-year sentence for the especially aggravated robbery conviction. *State v. Fredrick Sledge*, No. W2001-02402-CCA-R3-CD, 2003 WL 57313, at *1 (Tenn. Crim. App., at Jackson, Jan. 6, 2003). The Defendant's sentence was affirmed by this court. *Id.* In 2014, the Defendant filed a motion pursuant to Tennessee Rule of Appellate Procedure 36.1 seeking to correct an illegal sentence. The trial court summarily denied the Defendant's motion. On appeal, the Defendant contends that the trial court erred when it denied his motion. After a thorough review of the record and applicable authorities, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROGER A. PAGE, JJ., joined.

Fredrick Sledge, Only, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; Amy P. Weirich, District Attorney General; and Jessica Banti, Assistant District Attorney General, for the appellant, State of Tennessee.

## OPINION
## I. Facts and Procedural History

This case arises from the robbery and shooting death of the victim, Johnny Harris, in an apartment complex in Memphis on the night of December 10, 1991. The Defendant was seen by witnesses near where the victim was shot, and the Defendant later told police that he robbed the victim for his money and then shot him. *Sledge*, 1997 WL 730245, at *1-6. At trial, the Defendant was convicted of first degree felony murder and especially aggravated robbery. The jury imposed a sentence of death for the first degree felony murder conviction, and the trial court imposed a consecutive twenty-year sentence for the especially aggravated robbery conviction. On direct appeal, this court affirmed the first degree felony murder conviction but reversed the Defendant's death sentence and remanded the case for resentencing. This court affirmed the especially aggravated robbery conviction and corresponding sentence. *Id.* at *33. Our supreme court affirmed. *See State v. Sledge*, 15 S.W.3d 93 (Tenn. 2000) (modified on other grounds), *cert. denied*, 531 U.S. 889 (2000).

On remand, the Defendant was resentenced to life imprisonment for the first degree felony murder conviction to be served consecutively to his twenty-year sentence for the especially aggravated robbery conviction. *Sledge*, 2003 WL 57313, at *1. The Defendant challenged the imposition of consecutive sentencing on appeal, and we affirmed the trial court's judgment. *Id.* The Defendant subsequently filed a petition for post-conviction relief claiming the ineffective assistance of counsel, which the post-conviction court dismissed; this court affirmed the post-conviction court's denial. *Fredrick Sledge v. State*, No. W2004-02357-CCA-R3-PC, 2005 WL 2572364, at *1 (Tenn. Crim. App., at Jackson, Oct. 12, 2005), *perm. app. denied* (Tenn. March 27, 2006).

In 2014, the Defendant filed a motion pursuant to Tennessee Rule of Criminal Procedure 36.1 to correct his illegal sentence. In the Defendant's motion, he contended that: (1) the judge during resentencing should have disclosed that he had previously been employed by the district attorney's office that prosecuted the Defendant's case; (2) during resentencing, the trial court erred when it failed to instruct the jury regarding parole eligibility; (3) the Tennessee Department of Correction violated the law when it did not allow the Defendant to meet with the parole board; and (4) the Defendant was not awarded pretrial jail credit days pursuant to the judgment form for his life sentence. The State responded that the Defendant's life sentence was a "correct and statutorily permissible sentence" and that the Defendant had not stated a colorable claim in his

motion because he had not cited any grounds that amounted to the imposition of an illegal sentence. The State argued that the Defendant's motion should be dismissed "under both habeas corpus review or Rule 36.1."

The trial court subsequently issued an order denying the Defendant's requested relief. In its order, the trial court found:

> Regardless of the fact that the statutes cited by [the Defendant] fail to provide any grounds for relief, the motion should still be denied under both habeas corpus review or Rule 36.1. [The Defendant] requests the Court review the trial court's sentencing procedures and Tennessee Department of Corrections' procedures in administering parole review. Even taking [the Defendant's] allegations as true, the judgment would be voidable, not void, and thus [the Defendant] is not entitled to habeas corpus relief. Further, under Rule 36.1, none of the grounds cited by [the Defendant] amount to an imposition of an illegal sentence, and thus [the Defendant] is not entitled to a correction of any sentence.

It is from this judgment that the Defendant now appeals.

## II. Analysis

On appeal, the Defendant contends that: (1) the "reassignment of [his] case from Division 10 to Division 5 casts a shadow of impropriety over these proceedings," and warrants the trial court's recusal; (2) the trial court erred by treating the Defendant's motion to correct an illegal sentence as a petition for writ of habeas corpus; (3) the resentencing judge should have disclosed his prior employment with the district attorney's office; and (4) the trial court erred when it failed to charge the jury with the parole eligibility statute at Tennessee Code Annotated section 40-35-501. The State responds that, because none of the Defendant's claims render his sentence illegal, the trial court properly dismissed his motion. We agree with the State.

Tennessee Rule of Criminal Procedure 36.1 provides in pertinent part that:

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that

3

the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

Tenn. R. Crim. P. 36.1(a), (b) (2014). Rule 36.1 does not define the term "colorable claim." In interpreting Rule 36.1, this Court has adopted the definition for "colorable claim" from the post-conviction context: "A colorable claim is a claim . . . that, if taken as true, in the light most favorable to the [defendant], would entitle [defendant] to relief . . . ." *State v. David Morrow*, No. W2014-00338-CCA-R3-CO, 2014 WL 3954071, at *2 (Tenn. Crim. App., at Jackson, Aug. 13, 2014) (citing Tennessee Supreme Court Rule 28, § 2(H)), *no Tenn. R. App. P. 11 filed*.

"Whether a sentence is illegal pursuant to Rule 36.1 is a question of law that we review de novo with no presumption of correctness." *State v. Dusty Ross Binkley,* No. M2014-00173-CCA-R3-CD, 2015 WL 2148950, at *2 (Tenn. Crim. App., at Nashville, May 7, 2015) (citing *Summers v. State,* 212 S.W.3d 251, 255 (Tenn. 2007) (stating that the standard of review for a habeas corpus case is de novo with no presumption of correctness)).

We first address the Defendant's issues (1) and (3), in which the Defendant raises the issue of the alleged bias of the trial judge. Considering these allegations in the light most favorable to the Defendant, we conclude that he has not presented a colorable claim. The Defendant's claims regarding the trial court's recusal are not related to the legality of his sentence, and, therefore, the Defendant has failed to establish that his sentences are in direct contravention of a statute. *See* Tenn. R. Crim. P. 36.1. Thus, no relief is available to him.

Turning next to the Defendant's issue (2), that the trial court erred by treating the Defendant's motion as a petition for writ of habeas corpus, the trial court addressed the Defendant's claims under Rule 36.1 and found no colorable claim. Specifically, the trial court's order states that it considered the Defendant's motion to correct an illegal sentence under "*both* habeas corpus review [and] Rule 36.1." (Emphasis added). The trial court merely widened the Defendant's avenue for possible relief by considering his motion as both a petition for habeas corpus relief and a motion pursuant to Tennessee Rule of Criminal Procedure 36.1. The Defendant was not prejudiced by the trial court's consideration, and he is not entitled to relief on this issue.

Finally, we address the Defendant's issue (4), that the trial court improperly failed to instruct the jury as to his parole eligibility, pursuant to Tennessee Code Annotated section 39-13-204(e)(2) (2014). The Defendant contends that, during resentencing, the

jury asked the trial court for clarification about the Defendant's parole eligibility. According to the Defendant, the trial court responded that it could not answer the question and advised the jury that parole eligibility was not an issue for its consideration. There is no evidence in the record supporting the Defendant's assertion. Further, the Defendant's assertion, even if true, does not render his sentence illegal. The Defendant is not entitled to relief as to this issue.

## III. Conclusion

In accordance with the aforementioned reasoning and authorities, we affirm the trial court's summary dismissal of the Defendant's Rule 36.1 motion to correct an illegal sentence.

_____
ROBERT W. WEDEMEYER, JUDGE