# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

### JEFFREY M. HODGES v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Wayne County**
**No. 13340     Jim T. Hamilton, Judge**

---

**No. M2004-00871-CCA-R3-HC - Filed November 12, 2004**

---

The Petitioner, Jeffrey M. Hodges, appeals from the dismissal of his petition for the writ of habeas corpus. The State has filed a motion requesting that the Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. We find the State's motion has merit. Accordingly, the motion is granted and the appeal is affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES, and JERRY L. SMITH, JJ, joined.

Jeffrey M. Hodges, pro se, Clifton, Tennessee.

Paul G. Summers, Attorney General and Reporter; Helena Walton Yarbrough, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

On July 7, 1994, the Petitioner pled guilty before the Rutherford County Criminal Court to one count of aggravated burglary. Petitioner received a four year sentence to run consecutive with the following sentences: White County, case number 93-50; Coffee County, case number 25924-F; and Davidson County, case number 93-B-523[1].

On January 2, 2004, the Petitioner filed, pro se, a petition for writ of habeas corpus relief in the Wayne County Circuit Court. He asserted that the trial court lacked jurisdiction to hold a hearing because the Petitioner's indictment is insufficient, resulting in a void conviction. On February 19,

---

[1]The record contains only the Rutherford County judgment.

2004, the trial court issued an order dismissing the Petitioner's application for habeas corpus relief. The Petitioner filed his notice of appeal in the trial court on April 3, 2004.

The grounds upon which a writ of habeas corpus may be issued are very narrow. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). A writ of habeas corpus is available only when it appears from the face of the judgment or record that either the convicting court was without jurisdiction to convict or sentence the petitioner, or the petitioner's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may only be sought when the judgment is void, not merely voidable. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999).

The Petitioner alleges that the trial court lacked jurisdiction to convict him because of a defective indictment. Specifically, the Petitioner claims the indictment is defective because it fails to sufficiently charge the offense and to state facts to show the specific offense. If proven, a defective indictment is an appropriate issue to be brought in a habeas corpus petition. See Wyatt v. State, 24 S.W.3d 319 (Tenn. 2000). The indictment in the appellate record reads as follows:

> The Grand Jurors for the State of Tennessee, duly elected, impaneled, sworn, and charged to inquire for the body of the County of Rutherford, and State aforesaid, upon their oaths present, that on the __ day of November, 1992, in said County and State and before the finding of this indictment one . . . Jeff Hodge did unlawfully and feloniously enter the habitation of . . . Daniel, without the effective consent of the property owner, the said habitation not being open to the public with the intent to commit theft or a felony . . . therein, in violation of T.C.A. 39-14-401, et. seq., against the peace and dignity of the State of Tennessee.
>
> SECOND COUNT: And the Grand Jurors aforesaid, upon their oaths aforesaid, do further present, that on the day and date aforesaid, in the County and State aforesaid, and before the finding of this indictment, the said . . . Jeff Hodge did unlawfully and knowingly obtain or exercise control over the property of . . . Daniel, the said property being . . . and being of the value of over $10,000.00 dollars with the intent to deprive the true owner thereof, and without the owner's effective consent, in violation of T.C.A. 39-14-103, against the peace and dignity of the State of Tennessee.

The Tennessee Supreme Court has held that, for constitutional purposes, "an indictment is valid if it provides sufficient information (1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy." State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997). Further, the indictment must meet the statutory requirements of Tennessee Code Annotated section 40-13-102, which provides:

The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty, which will enable the court, on conviction, to pronounce the proper judgment; and in no case are such words as 'force and arms' or 'contrary to the form of the statute' necessary."

In reviewing the indictment in this case, it meets both the constitutional and statutory requirements. The indictment states the accusation to which the Petitioner was required to answer and does this in ordinary language so that a person of common understanding knows what is intended. Further, the Tennessee Supreme Court has held that an indictment may refer to the statute that defines the offense and that indictment is sufficient and satisfies all constitutional and statutory requirements. See State v. Sledge, 15 S.W.3d 93, 95 (2000); see also Ruff v. State, 978 S.W.2d 95, 100 (Tenn. 1998).

The Petitioner has failed to establish by a preponderance of the evidence that his conviction is void or his term of imprisonment has expired. Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ROBERT W. WEDEMEYER, JUDGE