# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## COREY HARRISON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Wayne County**
**No. 13339     Jim T. Hamilton, Judge**

---

**No. M2004-01249-CCA-R3-HC - Filed November 12, 2004**

---

The Petitioner, Corey Harrison, appeals from the dismissal of his petition for the writ of habeas corpus. The State has filed a motion requesting that the Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. We find the State's motion has merit. Accordingly, the motion is granted and the appeal is affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES, and JERRY L. SMITH, JJ, joined.

Corey Harrison, pro se, Clifton, Tennessee.

Paul G. Summers, Attorney General and Reporter; Helena Walton Yarbrough, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

On September 26, 2000, the Petitioner pled guilty before the Knox County Criminal Court to especially aggravated robbery and especially aggravated kidnapping. Petitioner received a twenty year sentence for the especially aggravated robbery conviction and a twenty year sentence for the especially aggravated kidnapping conviction, to be served concurrently.

On January 8, 2004, the Petitioner filed, pro se, a petition for writ of habeas corpus relief in the Wayne County Circuit Court. He asserted that the trial court lacked jurisdiction because the Petitioner's indictment is insufficient, resulting in a void conviction. On February 19, 2004, the trial

court issued an order dismissing the Petitioner's application for habeas corpus relief.  The Petitioner filed his notice of appeal in the trial court on March 15, 2004.

The grounds upon which a writ of habeas corpus may be issued are very narrow.  McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001).  A writ of habeas corpus is available only when it appears from the face of the judgment or record that either the convicting court was without jurisdiction to convict or sentence the petitioner, or the petitioner's sentence has expired.  Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992).  In other words, habeas corpus relief may only be sought when the judgment is void, not merely voidable.  Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999).

The Petitioner alleges that the trial court lacked jurisdiction to convict him because of a defective indictment.  Specifically, the Petitioner claims the indictment is defective because it fails to sufficiently charge an offense.  If proven, a defective indictment is an appropriate issue to be brought in a habeas corpus petition.   See Wyatt v. State, 24 S.W.3d 319 (Tenn. 2000).

The Tennessee Supreme Court has held that, for constitutional purposes, "an indictment is valid if it provides sufficient information (1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy."  State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997).  Further, the indictment must meet the statutory requirements of Tennessee Code Annotated section 40-13-102, which provides:

> The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty, which will enable the court, on conviction, to pronounce the proper judgment; and in no case are such words as 'force and arms' or 'contrary to the form of the statute' necessary."

In the instant case, the indictment about which the Petitioner complains is attached to the appellate record.  After a thorough review of the indictment in this case, we find that it meets both the constitutional and statutory requirements.  Each count names the Petitioner as the accused, the date of the offense, the actus reus and mens rea of each offense, and each count references the statutes that define the charged offenses.  Each count states the accusation to which the Petitioner was required to answer and does this in ordinary language so that a person of common understanding knows what is intended.  The Tennessee Supreme Court has held that an indictment may refer to the statute that defines the offense and that indictment is sufficient and satisfies all constitutional and statutory requirements.   See State v. Sledge, 15 S.W.3d 93, 95 (2000); see also Ruff v. State, 978 S.W.2d 95, 100 (Tenn. 1998).

The Petitioner has failed to establish by a preponderance of the evidence that his conviction is void or his term of imprisonment has expired.  Accordingly, the State's motion is granted.  The

judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ROBERT W. WEDEMEYER, JUDGE