# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## CHARLES SPEED v. KEVIN MYERS, WARDEN, STATE OF TENNESSEE

### Appeal from the Circuit Court for Wayne County
No. 13341    Jim T. Hamilton, Judge

---

### No.M2004-00764-CCA-R3-HC - Filed November 15, 2004

---

This matter is before the Court upon the State's motion to affirm the judgment of the trial court by memorandum opinion pursuant to Rule 20, Rules of the Court of Criminal Appeals. The petitioner has appealed the trial court's order summarily dismissing the petition for the writ of habeas corpus. In that petition the petitioner alleges that the indictment charging the petitioner with one count of felony murder and one count of first degree murder is void because the counts therein fail to allege sufficient facts to vest jurisdiction in the trial court. Upon a review of the record in this case we are persuaded that the trial court was correct in summarily dismissing the habeas corpus petition and that this case meets the criteria for affirmance pursuant to Rule 20, Rules of the Court of Criminal Appeals. Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES, and ROBERT W. WEDEMEYER, JJ., joined.

Charles Speed, pro se, Clifton, Tennessee.

Paul G. Summers, Attorney General & Reporter; Michael Markham, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

On September 19, 1994, the petitioner was indicted on one count of felony murder and one count of first degree murder. The petitioner pled guilty to one count of second degree murder and agreed to be sentenced as a range II multiple offender. He was sentenced to serve forty (40) years. In a habeas corpus petition, the petitioner challenges the indictments as void for failing to specify the facts that constituted the offense. He also argues that the trial court erred in failing to appoint counsel for the petition.

A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). However, if after a review of the habeas petitioner's filings the trial court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. Tenn. Code Ann. § 29-21-109; State ex rel. Byrd v. Bomar, 381 S.W.2d 280 (Tenn. 1964). Further, a trial court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. Passarella v. State, 891 S.W.2d 619, (Tenn. Crim. App. 1994), superceded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App. at Jackson, Mar. 11, 1998).

A valid indictment is essential to vest jurisdiction in the convicting court, and therefore an indictment that is so defective that it fails to invest jurisdiction may be challenged in a habeas corpus proceeding. State v. Wyatt, 24 S.W.3d 319, 320-23 (Tenn. 2000). In the case herein, the indictments about which the petitioner complains are attached to the habeas corpus proceedings and are in the record on appeal. Each count therein names the appellant as the accused, the date of the offense, the actus reus, mens rea of each offense, and each count references the statutes defining the charged offenses. Given these circumstances, it is clear that each count in this indictment is sufficient to vest jurisdiction in the convicting court. See State v. Sledge, 15 S.W.3d 93, 95 (Tenn. 2000); State v. Carter, 988 S.W.2d 145, 158 (Tenn. 1999); Ruff v. State, 978 S.W.2d 95, 100 (Tenn. 1998); State v. Hill, 854 S.W.2d 725, 728 (Tenn. 1997). Thus, the trial court was correct in summarily dismissing the petitioner's habeas corpus petition.

Rule 20, Rules of the Court of Criminal Appeals provides inter alia:

> The Court, with the concurrence of all judges participating in the case, when an opinion would have no precedential value, may affirm the judgment or action of the trial court by memorandum opinion rather than by formal opinion, when:

> The judgment is rendered or the action taken in a proceeding before the trial judge without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. . . .

We determine that this case meets the criteria of the above-quoted rule and therefore we grant the State's motion filed under Rule 20 and we affirm the judgment of the trial court.

_____
JERRY L. SMITH, JUDGE