# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## ANTHONY L. WASHINGTON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Wayne County**
**No. 13338     Jim T. Hamilton, Judge**

---

**No. M2004-00982-CCA-R3-HC - Filed January 5, 2005**

---

This matter is before the Court upon the State's motion to affirm the judgment of the trial court by memorandum opinion pursuant to Rule 20, Rules of the Court of Criminal Appeals. The petitioner has appealed the trial court's order summarily dismissing the petition for the writ of habeas corpus. In that petition, the petitioner alleges that the indictment charging the petitioner with first degree felony murder is void because the word "robbery" was handwritten on the indictment. Upon a review of the record in this case we are persuaded that the trial court was correct in summarily dismissing the habeas corpus petition and that this case meets the criteria for affirmance pursuant to Rule 20, Rules of the Court of Criminal Appeals. Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Anthony L. Washington, Pro Se, Henning, Tennessee.

Paul G. Summers, Attorney General & Reporter; Jennifer L. Bledsoe, Assistant Attorney General; and Mike Bottoms, District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

### Factual Background

In 1995, the petitioner pled guilty to first degree felony murder, theft, four counts of aggravated robbery and two counts of especially aggravated robbery. He received an effective life sentence. The petitioner then filed a petition for post-conviction relief alleging that he received ineffective assistance of counsel, which was denied by the trial court. This Court affirmed the trial

court's decision on appeal. <u>Anthony L. Washington v. State</u>, No. 02C-1-9601-CR-00373, 1997 WL 666170 (Tenn. Crim. App. at Jackson, Oct. 28, 1997), <u>perm.</u> <u>to</u> <u>appeal</u> <u>denied</u> (Tenn. 1998).

In a habeas corpus petition, the petitioner argues that he is entitled to habeas corpus relief because his 1994 indictment for first degree felony murder is defective. The indictment for first degree felony murder alleges that the petitioner "did unlawfully and recklessly kill ERNEST D. WOODS during the perpetration of a Robbery, in violation of T.C.A. 39-13-202, against the peace and dignity of the State of Tennessee." The petitioner argues that the indictment is void because the word "Robbery" was handwritten on the indictment.

A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. <u>Archer v. State</u>, 851 S.W.2d 157, 164 (Tenn. 1993); <u>Potts v. State</u>, 833 S.W.2d 60, 62 (Tenn. 1992). However, if after a review of the habeas petitioner's filings the trial court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. Tenn. Code Ann. § 29-21-109; <u>State ex rel. Byrd v. Bomar</u>, 381 S.W.2d 280 (Tenn. 1964). Further, a trial court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. <u>Passarella v. State</u>, 891 S.W.2d 619, (Tenn. Crim. App. 1994), <u>superceded</u> <u>by</u> <u>statute</u> <u>as</u> <u>stated</u> <u>in</u> <u>State v. Steven S. Newman</u>, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App. at Jackson, Mar. 11, 1998).

A valid indictment is essential to vest jurisdiction in the convicting court, and therefore an indictment that is so defective that it fails to invest jurisdiction may be challenged in a habeas corpus proceeding. <u>State v. Wyatt</u>, 24 S.W.3d 319, 320-23 (Tenn. 2000). In the case herein, the indictment about which the petitioner complains is attached to the habeas corpus proceedings and is in the record on appeal. The indictment names the appellant as the accused, the date of the offense, the actus reus, mens rea, and references the statute defining the charged offense. At the time of the offense, first degree felony murder was defined as "a reckless killing of another committed in the perpetration of, or attempt to perpetrate any first degree murder, arson, rape, robbery, burglary, theft, kidnapping or aircraft piracy." Tenn. Code Ann. § 39-13-202(a)(2) (1994). While the word "Robbery" is handwritten on the indictment, the record does not show any deceptive action by the Office of the District Attorney General. <u>See</u> <u>State v. Charles H. Martin</u>, No. E2001-00565-CCA-R3-CD, 2002 WL 1011747 (Tenn. Crim. App. at Knoxville, May 20, 2002), <u>perm.</u> <u>to</u> <u>appeal</u> <u>denied</u> (Tenn. 2002). Given these circumstances, it is clear the indictment is sufficient to vest jurisdiction in the convicting court. <u>See</u> <u>State v. Sledge</u>, 15 S.W.3d 93, 95 (Tenn. 2000); <u>State v. Carter</u>, 988 S.W.2d 145, 158 (Tenn. 1999); <u>Ruff v. State</u>, 978 S.W.2d 95, 100 (Tenn. 1998); <u>State v. Hill</u>, 854 S.W.2d 725, 728 (Tenn. 1997). The judgment against the petitioner is not void and his sentence has not expired. Therefore no grounds exist which would entitle the petitioner to habeas corpus relief. Thus, the trial court was correct in summarily dismissing the petitioner's habeas corpus petition.

Rule 20, Rules of the Court of Criminal Appeals provides <u>inter</u> <u>alia</u>:

The Court, with the concurrence of all judges participating in the case, when an opinion would have no precedential value, may affirm the judgment or action of the trial court by memorandum opinion rather than by formal opinion, when:

> The judgment is rendered or the action taken in a proceeding before the trial judge without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. . . .

We determine that this case meets the criteria of the above-quoted rule and therefore we grant the State's motion filed under Rule 20 and we affirm the judgment of the trial court.

_____
JERRY L. SMITH, JUDGE