# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### JOSEPH L. TIMS v. TONY PARKER, WARDEN

**Direct Appeal from the Circuit Court for Lake County**
**No. 04-CR-8633   R. Lee Moore, Jr., Judge**

---

**No. W2004-02967-CCA-R3-HC  - Filed May 23, 2005**

---

The Petitioner, Joseph L. Tims, appeals the trial court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The State's motion is granted.  The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN  and J.C. MCLIN, JJ.  joined.

Joseph L. Tims, pro se.

Paul G. Summers, Attorney General & Reporter; Michael Markham, Assistant Attorney General, for the appellee, the State of Tennessee.

## MEMORANDUM OPINION

In May 2001, a Shelby County Grand Jury returned an indictment charging the Petitioner, Joseph Lynn Tims, with one count of first degree felony murder and one count of criminal attempt to commit especially aggravated robbery.  On May 13, 2002, Petitioner entered guilty pleas to one count of criminal attempt to commit especially aggravated robbery and one count of second degree murder.  For these offenses, the trial court imposed a twenty-five-year sentence for the murder

1

conviction and an eight-year sentence for the attempted robbery conviction. The trial court ordered that these sentences be served concurrently. Petitioner is currently confined at Northwest Correctional Complex in Lake County, Tennessee.

On October 20, 2004, Petitioner filed a petition for writ of habeas corpus relief in the Lake County Circuit Court attacking the validity of his convictions and sentences for second degree murder and attempted especially aggravated robbery. As grounds for relief, Petitioner alleged that his convictions and sentences were void because the indictments are defective. Specifically, Petitioner complained that the indictments (1) "do not connote the state, county, court and term in which the indictments were returned," (2) fail "to show a state of facts bringing the offense within the jurisdiction of the county in which the indictment was proferred," (3) "fail to state more than a legal conclusion," and (4) are not signed by the District Attorney General. On November 8, 2004, the trial court provided the Petitioner until December 15, 2004, "in which to present the entire copy of the indictments 01-07004 and 01-07005." Petitioner complied with the trial court's order and also filed a "Motion to Incorporate Certified Question of Law." On November 23, 2004, after complete copies of the indictments had been filed, the trial court denied habeas corpus relief. In denying the relief, the trial court made the following findings of fact and conclusions of law:

> The indictments do, in fact, conclude with the phrase "against the peace and dignity of the State of Tennessee." They also state facts bringing the offenses within Shelby County, Tennessee. The indictments further state the facts and circumstances constituting the alleged crimes an they also contain the signature of the District Attorney General for Shelby County, Tennessee. From a factual standpoint, therefore, the allegations of the petition are untrue and do not warrant this Court in granting a Writ of Habeas Corpus.

The trial court further noted that the "Motion to Incorporate Certified Question of Law" raised issues of jail credits and joinder of offenses. The trial court determined that questions relating to jail credits must be determined through the administrative policies of the Tennessee Department of Correction and that issues related to joinder must be raised in the Shelby County Criminal Court. The trial court further found these issues not cognizable in a habeas corpus proceeding. A timely notice of appeal document was filed by Petitioner on December 14, 2004.

The State has filed a motion requesting that this Court affirm the judgment of the trial court pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals. The Petitioner has responded in opposition to the State's motion and requests the appointment of counsel.

The grounds upon which habeas corpus relief may be granted in this state are narrow. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004) (citations omitted). Relief will be granted if the petition establishes that the challenged judgment is void. *Id.* A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Hickman*, 153 S.W.3d at 20 (quoting *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)). The petitioner bears the burden of establishing either a void judgment or an illegal confinement by a preponderance of

2

the evidence. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). If the petitioner carries this burden, he is entitled to immediate release. *Id.* However, if the habeas corpus petition fails to demonstrate that the judgment is void or that the confinement is illegal, neither appointment of counsel nor an evidentiary hearing are required and the trial court may properly dismiss the petition. *Hickman*, 153 S.W.3d at 20 (citations omitted). On appeal, appointment of counsel is not "necessary" merely because a petition is filed, rather appointment of counsel is "necessary" where the petition alleges facts that would justify relief and the petitioner is deemed indigent. *See McLaney v. Bell*, 59 S.W.3d 90, 94 n.3 (Tenn. 2001) (citing Tenn. Sup. Ct. R. 13, § 1(d)).

As ground for affirmance, the State argues that defenses and objections based on a defective indictment must be raised prior to trial, or they are waived. *See State v. Wyatt*, 24 S.W.3d 319, 322 (Tenn. 2000). We agree, Rule 12(b)(2), Tennessee Rules of Criminal Procedure, provides that "[d]efenses and objections based on defects in the indictment . . . (other than that it fails to show jurisdiction in the court or to charge an offense. . ." must be made prior to trial. Objections not so made are waived. Tenn. R. Crim. P. 12(f). The Petitioner claims the indictments are void for the following reasons (1) failure to indicate the state, county, and term in which the indictments were returned, (2) failure to establish facts which would bring the offenses into the jurisdiction of county in which the indictments were preferred, (3) failure to state facts establishing an offense, and (4) failure to include the signature of the District Attorney General. The indictments provide:

SHELBY COUNTY                    MAY TERM, 2001

COUNT 1 [Indictment 01-07005]

THE GRAND JURORS of the State of Tennessee, . . . present that:

JOSEPH LYNN TIMS

on August 5, 2000 in Shelby County, Tennessee, and before the finding of this indictment, did unlawfully attempt to commit the offense of Especially Aggravated Robbery as defined in T.C.A. 39-13-402, in that he did unlawfully, knowingly, and violently, by use of a deadly weapon, to-wit: handgun, attempt to obtain from the person of Juan Rodriguez a sum of money, as a result of which Juan Rodriguez suffered serious bodily injury, in violation of T.C.A. 39-12-101, against the peace and dignity of the State of Tennessee.

SHELBY COUNTY                    MAY TERM, 2001

COUNT 1 [Indictment 01-7004]

THE GRAND JURORS of the State of Tennessee, . . . present that:

JOSEPH LYNN TIMS

3

on August 5, 2000 in Shelby County, Tennessee, and before the finding of this indictment, did unlawfully and with the intent to commit Aggravated Robbery kill Juan Rodriguez during the perpetration of Aggravated Robbery, in violation of T.C.A. 39-13-202, against the peace and dignity of the State of Tennessee.

COUNT 2 [Indictment 01-07004]

THE GRAND JURORS of the State of Tennessee, . . . present that:

JOSEPH LYNN TIMS

on August 5, 2000 in Shelby County, Tennessee, and before the finding of this indictment, did unlawfully, intentionally, and with premeditation kill Juan Rodriguez, in violation of T.C.A. 39-13-202, against the peace and dignity of the State of Tennessee.

Both counts of the indictment were signed by the District Attorney General for Shelby County.

The Tennessee Supreme Court has held that, for constitutional purposes, "an indictment is valid if it provides sufficient information (1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy." *State v. Hill,* 954 S.W.2d 725, 727 (Tenn. 1997). Further, the indictment must meet the statutory requirements of Tennessee Code Annotated section 40-13-102, which provides:

The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty, which will enable the court, on conviction, to pronounce the proper judgment; and in no case are such words as 'force and arms' or 'contrary to the form of the statute' necessary."

In reviewing the indictments in this case, we conclude that it meets both the constitutional and statutory requirements. The indictments state the accusation to which the Petitioner was required to answer and does this in ordinary language so that a person of common understanding knows what is intended. Further, the Tennessee Supreme Court has held that an indictment may refer to the statute that defines the offense and that indictment is sufficient and satisfies all constitutional and statutory requirements. *See State v. Sledge,* 15 S.W.3d 93, 95 (Tenn. 2000); *see also Ruff v. State,* 978 S.W.2d 95, 100 (Tenn. 1998).

The Petitioner has not established that he is entitled to habeas corpus relief. He has demonstrated neither a facially invalid judgment nor an expired sentence. Accordingly, the Petitioner's motion for appointment of counsel is denied. Moreover, as we find the State's motion well-taken, the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

4

_____

JOHN EVERETT WILLIAMS, JUDGE