IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 7, 2006

## WELISTER L. WHITE v. DAVID MILLS, WARDEN

**Appeal from the Circuit Court for Lauderdale County**
**No. 5991    Joseph H. Walker, III, Judge**

---

**No. W2005-02067-CCA-R3-HC  - Filed April 3, 2006**

---

The petitioner, Welister L. White, pled guilty to one count of felony murder in 1979 in exchange for a sentence of life imprisonment with the possibility of parole.  In August of 2005, the petitioner sought habeas corpus relief on the basis that his sentence was illegal given the holding in Blakely v. Washington, 542 U.S. 296 (2004).  The trial court dismissed the petition, and this appeal followed. Upon a review of the record in this case, we are persuaded that the trial court was correct in summarily dismissing the habeas corpus petition and that this case meets the criteria for affirmance pursuant to Rule 20, Rules of the Court of Criminal Appeals.  Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES, and NORMA MCGEE OGLE, JJ., joined.

Welister L. White, Pro Se, Henning, Tennessee

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; and Elizabeth Rice, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In April of 1979, the petitioner pled guilty to one count of felony murder.  In exchange for a guilty plea, the petitioner received a life sentence with the possibility of parole.  In August of 2005, the petitioner filed a petition for habeas corpus relief, arguing that his sentence was illegal based on the holding in Blakely v. Washington, 542 U.S. 296 (2004).  The trial court dismissed the petition, determining that the petitioner's sentence had not expired and that the trial court had the jurisdiction to sentence the petitioner.  Further, the trial court determined that Blakely was inapplicable to the

petitioner's case. The petitioner filed a timely notice of appeal and now argues that the trial court improperly dismissed the petition.

On appeal, the petitioner abandons his Blakely claim and contends that the lack of an indictment for the underlying felony renders his judgment void. The State argues that the petitioner is not entitled to habeas corpus relief.

A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). However, if after a review of the habeas petitioner's filings the trial court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. Tenn. Code Ann. § 29-21-109; State ex rel. Byrd v. Bomar, 381 S.W.2d 280 (Tenn. 1964). Further, a trial court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. Passarella v. State, 891 S.W.2d 619, (Tenn. Crim. App. 1994), superceded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998).

A petitioner has the burden of establishing by a preponderance of the evidence that the judgment he attacks is void or that his term of imprisonment has expired. State ex rel. Kuntz v. Bomar, 381 S.W.2d 290, 291 (Tenn. 1964). If the petitioner fails to establish that his conviction is void or his term of imprisonment has expired, he is not entitled to immediate release. Passarella, 891 S.W.2d at 627-28.

As to the petitioner's Blakely claim, we note that the Tennessee Supreme Court recently determined that Blakely did not announce a new rule of law and that "the Tennessee Criminal Sentencing Reform Act does not authorize a sentencing procedure which violated the Sixth Amendment right to jury trial." State v. Gomez, 163 S.W.3d 632, 651 (Tenn. 2005). In Gomez, the court determined that despite the ability of trial judges to set sentences above the presumptive sentence based on the finding of enhancement factors neither found by a jury or admitted by a defendant, Tennessee's sentencing structure does not violate the Sixth Amendment and does not conflict with the holdings of Blakely v. Washington, 542 U.S. 296, United States v. Booker, 543 U.S. 220 (2005), or United States v. FanFan, the case consolidated with Booker, because "[t]he Reform Act [of Tennessee] authorizes a discretionary, non-mandatory sentencing procedure and requires trial judges to consider the principles of sentencing and to engage in a qualitative analysis of enhancement and mitigating factors . . . all of which serve to guide trial judges in exercising their discretion to select an appropriate sentence within the range set by the Legislature." Gomez, 163 S.W.3d at 661. As a result of the decision in Gomez, the petitioner's issue is without merit.

Moreover, in general, defenses and objections based on defective indictments must be raised prior to trial or they are waived. State v. Wyatt, 24 S.W.3d 319, 322 (Tenn. 2000). However, "[a]

valid indictment is an essential jurisdictional element, without which there can be no prosecution." Id. Thus, an indictment that is so defective as to fail to vest jurisdiction in the trial court may be challenged at any stage of the proceedings, including in a habeas corpus proceeding. Id. at 323. Accordingly, if the indictment herein charging the petitioner were fatally defective, this issue could be raised in a habeas corpus petition. In the case herein, the indictment about which the petitioner complains is attached to the habeas corpus proceedings and is in the record on appeal. The indictment names the appellant as the accused, the date of the offense, mens rea, and states that the petitioner "did unlawfully, feloniously, wilfully, deliberately and maliciously kill and murder [the victim], during the perpetration of a burglary." As a general matter, "[t]he indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment . . . ." Tenn. Code Ann. § 40-13-202. It is well-settled that an indictment must provide sufficient information: "(1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy." State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997). Our supreme court has held that the above-cited analysis should be used to determine the sufficiency of indictments for both pre-and post-1989 crimes. Dykes v. Compton, 978 S.W.2d 528, 530 (Tenn. 1998). We conclude that the indictment in this case clearly apprized the petitioner of the crime for which he was charged, that it furnished the trial court an adequate basis for the entry of its judgment, and that it protected the petitioner from double jeopardy. Given these circumstances, it is clear the indictment is sufficient to vest jurisdiction in the convicting court. See State v. Sledge, 15 S.W.3d 93, 95 (Tenn. 2000); State v. Carter, 988 S.W.2d 145, 158 (Tenn. 1999); Ruff v. State, 978 S.W.2d 95, 100 (Tenn. 1998); State v. Hill, 854 S.W.2d 725, 728 (Tenn. 1997). The judgment against the petitioner is not void, and his sentence has not expired. Therefore no grounds exist that would entitle the petitioner to habeas corpus relief. Thus, the trial court was correct in summarily dismissing the petitioner's habeas corpus petition.

Rule 20, Rules of the Court of Criminal Appeals provides inter alia:

> The Court, with the concurrence of all judges participating in the case, when an opinion would have no precedential value, may affirm the judgment or action of the trial court by memorandum opinion rather than by formal opinion, when:

> The judgment is rendered or the action taken in a proceeding before the trial judge without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge . . . .

-3-

We determine that this case meets the criteria of the above-quoted rule and, therefore, we affirm the judgment of the trial court.

_____
JERRY L. SMITH, JUDGE