IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
August 3, 2010 Session

## HENRY JOHNSON v. TONY PARKER, WARDEN

**Direct Appeal from the Circuit Court for Lake County**
**No. 10-CR-9407     Russell Lee Moore, Jr., Judge**

**No. W2010-00563-CCA-R3-HC - Filed November 30, 2010**

The *pro se* petitioner, Henry Johnson, appeals from the summary dismissal of his petition for writ of habeas corpus relief. He was convicted of first degree murder and aggravated burglary and was sentenced to life imprisonment on August 19, 2009. On appeal, he argues that: the indictment against him was defective; the habeas corpus court erred in dismissing his petition without a hearing or appointment of counsel; and he was subject to double jeopardy as a result of the indictment. After careful review, we affirm the summary dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR. and J.C. MCLIN, JJ., joined.

Henry Johnson, Tiptonville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder and Rachel E. Willis, Assistant Attorneys General; and C. Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.

### OPINION

The petitioner argues that the habeas corpus court improperly dismissed his petition for relief without a hearing or the appointment of counsel. Specifically, he contends that he should have been appointed counsel and been granted a hearing because he attached the judgments to his petition and one judgment proved that he was "ACQUITTED" of felony murder. He argues that he was subjected to double jeopardy because of this acquittal. Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tennessee Code Annotated sections 29-21-101 *et seq.* codify the applicable

procedures for seeking a writ. While there is no statutory time limit in which to file for habeas corpus relief, Tennessee law provides very narrow grounds upon which such relief may be granted. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A habeas corpus petition may be used only to contest void judgments which are facially invalid because (1) the convicting court was without jurisdiction or authority to sentence a petitioner; or (2) petitioner's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993).

The habeas corpus court may summarily dismiss a petition for habeas corpus relief without the appointment of counsel and without an evidentiary hearing if there is nothing on the face of the record to indicate that the convictions are void. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). The petitioner was not subjected to double jeopardy by the indictment because the charges in the indictment were separate and distinct offenses. There was no violation of double jeopardy principles. Further, a claim of double jeopardy is not cognizable in a habeas corpus proceeding because it renders a claim voidable rather than void. *See Ralph Phillip Claypole v. State*, No. M1999-02591-CCA-R3-PC, 2001 Tenn. Crim. App. LEXIS 367, at **6-7 (Tenn. Crim. App. May 16, 2001). A judgment which is voidable can be attacked only by a petition for post-conviction relief and not through habeas corpus procedures. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999).

Next, the petitioner argues that the indictment against him was deficient for failing to state the "concise criminal offense" for which he was being tried. Generally, defenses and objections based on a defective indictment must be raised prior to trial or they are waived. Tenn. R. Crim. P. 12(b)(2), (f); *Wyatt v. State*, 24 S.W.3d 319, 322-323 (Tenn. 2000). However, as we have previously stated, "[a] valid indictment is an essential jurisdictional element, without which there can be no prosecution." *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998). Thus, an indictment that is so defective as to fail to vest jurisdiction in the trial court may be challenged at any stage of the proceedings, including in a habeas corpus petition. Tenn. R. Crim. P. 12(b)(2).

Here, the petitioner contends that Count Three of the indictment was deficient for failing to state the crimes for which he stood accused. Specifically, he contends that the charge in the indictment was for the misdemeanor offence of assault and that he was convicted of aggravated burglary. The record contains the true bill against the petitioner from the Montgomery County Circuit Court. The indictment reflects that in Count Three, the petitioner was charged with violation of Tennessee Code Annotated section 39-14-403, which is aggravated burglary. Pursuant to statute, "[t]he indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in a manner so as to enable a person of common understanding to know what is intended and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment." T.C.A. § 40-13-202 (2007). The language of the statute satisfies

Tennessee Code Annotated section 40-13-202 if it provides adequate notice to both the petitioner and the trial court of the offense alleged and protects the petitioner from subsequent re-prosecution for the same offense. *See State v. Hill*, 954 S.W.2d 725, 727 (1997).

Here, the indictment identified the petitioner as the perpetrator of the offense, identified the victim, specified the *actus reus* and the *mens rea*, and specified the statute that defined the offense. The Tennessee Supreme Court has previously held that specific reference to a statute within the indictment may be sufficient to place the accused on notice of the charged offense. *See State v. Sledge*, 15 S.W.3d 93, 95 (Tenn. 2000)*; State v. Carter*, 988 S.W.2d 145, 149 (Tenn. 1999); *Ruff v. State*, 978 S.W.2d 95 (Tenn. 1998). The language of the indictment provided the trial court with ample information upon which to base a proper judgment. *See Sledge,* 15 S.W.3d at 95; *Carter*, 988 S.W.2d at 149; *Ruff*, 978 S.W.2d at 97, 99. The indictment further provided ample information to protect the petitioner from re-prosecution for the same offense. The language of the indictment was clear and concise and met the requirements of Tennessee Code Annotated section 40-13-202. Therefore, the petitioner is not entitled to relief on this issue.

Conclusion

Based on the foregoing and the record as a whole, we affirm the summary dismissal of the petition for writ of habeas corpus relief.

_____
JOHN EVERETT WILLIAMS, JUDGE