# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs January 9, 2013

## EDGAR BAILEY, JR. v. DWIGHT BARBEE, WARDEN

### Appeal from the Circuit Court for Lauderdale County
### No. 6584    Joseph H. Walker, III, Judge

_____

### No. W2012-01729-CCA-R3-HC  - Filed March 5, 2013

_____

The Petitioner, Edgar Bailey, Jr., appeals the Lauderdale County Circuit Court's summary dismissal of his petition for writ of habeas corpus.  On appeal, the Petitioner claims entitlement to habeas corpus relief because of alleged defects in the felony murder count of his indictment and because the trial court dismissed the felony murder count after remand by this court on direct appeal.  We conclude that there is no error in the judgment of the habeas corpus court and affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

Edgar Bailey, Jr., Henning, Tennessee, pro se.

Robert E. Cooper, Attorney General and Reporter, and Sophia S. Lee, Senior Counsel, for the appellee, State of Tennessee.

## OPINION

The Petitioner was convicted by a jury of first degree premeditated murder, felony murder, three counts of aggravated assault, and setting fire to personal property.  The trial court merged the two murder counts and sentenced the Petitioner to life imprisonment for the first degree murder conviction, five years for the aggravated assault convictions, and eleven months and twenty-nine days for the setting fire to personal property conviction, all to be served concurrently.  On appeal, we reversed the conviction for first degree premeditated murder and remanded for a new trial; affirmed the remaining convictions, including that for felony murder; and remanded for resentencing as to the conviction for setting fire to personal property because the trial court erroneously considered the offense a Class A misdemeanor,

rather than a Class E felony. See State v. Edgar Bailey, Jr., No. E2005-02186-CCA-R3-CD, 2006 WL 3787911, at *1 (Tenn. Crim. App. Dec. 26, 2006), perm. app. denied, (Tenn. Apr. 23, 2007). After remand, the State dismissed the first degree premeditated murder charge. On June 29, 2007, the trial court resentenced the defendant to a one-year sentence for his setting fire to personal property conviction.

Thereafter, on November 24, 2008, the Petitioner sought post-conviction relief. The pro se petition cited as grounds for relief that the Petitioner's convictions were based upon evidence gained pursuant to an unconstitutional search and seizure, that his convictions were based upon evidence obtained pursuant to an unlawful arrest, that his convictions violated his protection against double jeopardy, and that he was denied the effective assistance of counsel. See Edgar Bailey, Jr. v. State, No. E2009-00203-CCA-R3-PC, 2009 WL 3616665, at *1 (Tenn. Crim. App. Nov. 3, 2009), perm. app. denied, (Tenn. Apr. 23, 2010). In an attached "Memorandum of Law," the Petitioner alleged as additional grounds that the trial court failed to instruct the jury on the "natural and probable consequences rule," that "there exists a fatal variance between indictment and proof," and that the trial court's instructions for criminal responsibility resulted in "constructive amendment of the indictment." Id. The petition was summarily dismissed as time-barred, and this court affirmed the post-conviction court's judgment on appeal. Id.

The Petitioner filed the instant petition for writ of habeas corpus on July 9, 2012, in which he argued that he is being illegally confined based on a void judgment for felony murder. In the attached memorandum, the Petitioner acknowledged the procedural rules for seeking habeas corpus relief, noting that he was unable to attach a copy of his first habeas corpus petition or a copy of the challenged judgment to the petition. The Petitioner stated that this was not his first petition for writ of habeas corpus and attempted to explain why he could not attach the first application to this petition. According to the Petitioner, "while the process of his first habeas corpus petition was still pending," he "was released from custody," which "rendered the allegations in the first habeas corpus to be moot." Therefore, "as such, the Petitioner maintained no cause justified in keeping a copy thereof." The Petitioner asserted that he had "made a reasonable effort to obtain a copy of both his petition for writ of habeas corpus, and the order/judgment of the trial court. By way of forwarding the trial court . . . the necessary self address[ed], stamp[ed] envelope, respectfully requesting the court clerk, to forward the Petitioner a copy of both the above." He stated that he made this request on April 1, 2012, but claimed he had received no response at the time of filing. Accordingly, he requested that these procedural requirements be waived.

As grounds for habeas corpus relief, the Petitioner claimed that his felony murder judgment was void. He first noted that his premeditated murder conviction was reversed by this court and subsequently dismissed by the State. According to the Petitioner, his felony

-2-

murder conviction had likewise been dismissed, asserting that "[t]here exist [sic] no judgment official, original or amended, for the offense" of felony murder in the record. He went on to argue that a separate conviction for felony murder was "contrary to law" because both counts relied "on the exact same evidence and rules of law under the same statute, T[ennessee] C[ode] A[nnotated section] 39-13-202." He made no claim that his sentence had expired.

On July 11, 2012, the habeas corpus court summarily dismissed the petition, determining that the Petitioner had not established that his conviction for felony murder was void. In so concluding, the habeas corpus court cited to this court's direct appeal opinion summarizing the evidence supporting the Petitioner's felony murder conviction, see Bailey, 2006 WL 3787911, at *19, and reasoned, "The fact that one murder conviction was dismissed, does not invalidate the other conviction." This appeal followed.

ANALYSIS

On appeal, the Petitioner contends that this felony murder conviction is void because he "received no indictment charging the underlying felony of robbery" and because the Criminal Court for Hamilton County entered an order on June 29, 2007, dismissing the felony murder count of the indictment. He again makes no claim that his sentence has expired. In support of his claim for relief, he attaches several documents as "exhibits" to his brief. The State, citing to Tennessee Rule of Appellate Procedure 28(a), responds that the contents of the appendix to the Petitioner's brief "are not contained in the record . . . and therefore cannot be considered in addressing the merits of [this] appeal." The State further responds that the judgment for felony murder is not in the record, which provided an adequate basis for summary dismissal of the petition. Addressing the merits of the Petitioner's claim, the State asserts, "It would have been inconsistent with this [c]ourt's opinion for the felony murder count or conviction to have been dismissed after it was affirmed on direct appeal."

It is true that the Petitioner has failed to comply with the statutory requirements for seeking the writ. See Tenn. Code Ann. § 29-21-107(b)(2)-(4). Specifically, he failed to attach a copy of the judgment of conviction and a copy of his first application for the writ. However, he attempted to explain their absence in his petition seeking relief, and the habeas corpus court did not dismiss the petition on procedural grounds. Therefore, we will briefly address the merits of his petition.

The determination of whether to grant habeas corpus relief is a question of law and our review is de novo. Summers v. State, 212 S.W.3d 251, 262 (Tenn. 2007). The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas

corpus relief.  Tenn. Const. art. I, § 15.  However, the grounds upon which habeas corpus relief will be granted are very narrow.  Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999).  In this state, habeas corpus relief only addresses detentions that result from void judgments or expired sentences.  Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993).  A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired."  Hickman v. State, 153 S.W.3d 15, 20 (Tenn. 2004) (quoting State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)).  On the other hand, a voidable judgment or sentence is one which is facially valid and which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity.  Taylor, 995 S.W.2d at 83.  A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence.  Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005).  Moreover, it is permissible for a court to summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void.  Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

First, the Petitioner asserts that the felony murder count of the indictment has been dismissed and provides that included in his attached documentation is a June 29, 2007 order from Criminal Court for Hamilton County reflecting said action.  Regarding the documents the Petitioner has attached as "exhibits" to his brief, the Petitioner failed to follow the rules for attaching such documents in a manner in which they will become part of the record.  See Tenn. R. App. P. 24, 28.  "It is settled law that documents merely attached to appellate briefs cannot be considered by this [c]ourt because they are not properly part of the certified record."  Myers v. State, No. M2004-02411-CCA-MR3-PC, 2005 WL 1541870, at *5 n.7 (Tenn. Crim. App. June 29, 2005) (citing State v. Matthews, 805 S.W.2d 776, 783-84 (Tenn. Crim. App. 1990)).

Even if this court were to consider the documents, the documentation does not appear to be as the Petitioner purports.  The "rule docket" notation from June 29, 2007, provides, "dismissed on motion of State #2 counts 1 thru: 1."  Many of the other notations on the document also include "#2"; it is not clear from the notations what this "#2" delineates.  However, it is clear that on June 29, 2007, Count 1, the premeditated count, not Count 2, the felony murder count, was dismissed by the State.  As the habeas corpus court determined, "The fact that one murder conviction was dismissed, does not invalidate the other conviction."

Next, the Petitioner alleges that his felony murder conviction is void because he "received no indictment charging the underlying felony of robbery."  He further submits that

-4-

"the underlying felony proved to be especially aggravated robbery and not simple robbery." Additionally, he states the indictment did not provide an adequate basis for entry of a judgment for felony murder against him "[b]ecause the indictment charged both robbery and attempted robbery as the underlying felony." In an additionally vague challenge to the indictment, he submits that "[t]he reference [sic] felony murder indictment did not protect [him] from double jeopardy" because he was "convicted of premeditated first degree murder, based on the exact same facts, circumstance [sic] evidence and theory as the felony murder conviction was based on." As a final argument, he asserts that, because he was not apprised of the mens rea element for robbery in the indictment, his conviction is void.

Generally, defenses based upon indictment deficiencies must be presented prior to trial. Tenn. R. Crim. P. 12(b)(2), (f). A valid indictment is essential to prosecution, however, and may be subject to attack at any time if the content does not charge an offense or does not confer jurisdiction. Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998). The functions of the indictment are to provide notice of the charge, enable entry of a proper judgment upon conviction, and protect against double jeopardy. State v. Byrd, 820 S.W.2d 739, 741 (Tenn. 1991) (citing State v. Pearce, 7 Tenn. (Peck) 65, 67 (1823); State v. Haynes, 720 S.W.2d 76, 82 (Tenn. Crim. App. 1986)).

An indictment meets constitutional requirements if it provides sufficient information: (1) to enable the accused to know the accusation to which an answer is required; (2) to furnish the court an adequate basis for the entry of a proper judgment; and (3) to protect the accused from double jeopardy. State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997). In addition, an indictment must state the facts of the offense in ordinary and concise language "in such a manner as to enable a person of common understanding to know what is intended." Tenn.Code Ann. § 40-13-202.

Count 2 of the indictment, again a document provided as an exhibit to the Petitioner's brief, provides that the Petitioner did "unlawfully" kill the victim "during the perpetration of or attempt to perpetrate a robbery, in violation of Tennessee Code Annotated 39-13-202 . . . ." To obtain a conviction for first degree felony murder in this case, the State would have been required to prove, beyond a reasonable doubt, the "killing of another committed in the perpetration of or attempt to perpetrate any . . . robbery . . . . " Tenn. Code Ann. § 39-13-202(a)(2). This court has observed "that a felony murder indictment must allege that the killing was committed during the perpetration of a felony, but specific allegations of the elements and facts of the underlying felony are unnecessary." State v. Alfonzo E. Anderson, No. W2000-00737-CCA-R3-CO, 2002 WL 1558491, at *2 (Tenn. Crim. App. Jan. 9, 2002) (citing State v. Jimmy Wayne Baker, No. M1999-00454-CCA-R3-CD, 2001 WL 252082, at *10-11 (Tenn. Crim. App. Mar. 14, 2001), perm. app. denied, (Tenn. Sept. 10, 2001); Alan D. Lawhorne v. State, No. 273, 1990 WL 70908, at *2 (Tenn. Crim. App. May 31, 1990),

perm. app. denied, (Tenn. Oct. 1, 1990)). The State was not required to charge the elements of robbery or cite to those statutes in the indictment. See Robert Howell v. Tony Parker, Warden, No. W2005-00521-CCA-R3-HC, 2005 WL 1541825, at *2 (Tenn. Crim. App. June 27, 2005), perm. app. denied, (Tenn. Dec. 5, 2005).

Additionally, this court has addressed the issue of the intent requirement for conviction of this offense. The court stated, "There is no culpable mental state required for felony murder, other than the intent to commit the underlying felony." State v. Charles Rice, No. W2002-00471-CCA-R3-DD, 2004 WL 1553563, at *33 (Tenn. Crim. App. July 9, 2004), aff'd, 184 S.W.3d 646 (Tenn. 2006) (citing Tenn. Code Ann. § 39-13-202(b)). Because the Petitioner was indicted for felony murder committed during the commission of a robbery, the requisite intent can be gleaned from the robbery statute, Tennessee Code Annotated section 39-13-401. Milton Lee Cooper v. Howard Carlton, Warden, No. E2011-00783-CCA-R3-HC, 2012 WL 1523960, at *3 (Tenn. Crim. App. Apr. 30, 2012), perm. app. denied, (Tenn. Aug. 20, 2012).

The indictment at issue tracked the language of the felony murder statute, made specific reference to the statute, stated the underlying felony, provided the date of the offense, and identified the name of the victim. That was enough to satisfy the constitutional and statutory requirements of Hill. See State v. Sledge, 15 S.W.3d 93, 95 (Tenn. 2000). The Petitioner was provided with notice of the offenses charged, which allowed for a proper judgment to be entered and protected him against double jeopardy. See Byrd, 820 S.W.2d at 741; see also Mathas T. Vaughn v. James Worthington, Warden, No. E2007-00808-CCA-R3-HC, 2008 WL 58956, at *2 (Tenn. Crim. App. Jan. 4, 2008) (concluding that although the indictment did not charge the defendant with a separate count of robbery, the fact that "[t]he count charging felony murder . . . allege[d] that the murder occurred during the perpetration of a robbery" was sufficient to satisfy Byrd).

The Petitioner has failed to assert a claim that would entitle him to habeas corpus relief. After a review of the record, we conclude that there is no error in the judgment of the habeas corpus court.

## CONCLUSION

Based upon the foregoing, the order of summary dismissal is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE