IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 4, 2014

## JERMAINE GWIN v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 05-05701     James M. Lammey, Judge**

_____

**No. W2014-00681-CCA-R3-HC  - Filed January 16, 2015**

_____

The Petitioner, Jermaine Gwin, appeals from the summary dismissal of his *pro se* petition for writ of habeas corpus.  On appeal, he argues that the trial court lacked jurisdiction to convict him because (1) his indictment failed to track the language of the second degree murder statute and (2) the indictment failed to include an essential element of the offense.  Upon review of the record and applicable law, we find the issues are without merit and affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J., and ALAN E. GLENN, J., joined.

Jermaine Gwin, *pro se*, Henning, Tennessee, as the appellant.

Robert E. Cooper, Attorney General and Reporter; Tracy L. Alcock, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Muriel Malone, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

Jermaine Gwin ("the Petitioner") appeals from the trial court's summary dismissal of his *pro se* petition for writ of habeas corpus.  Following our review of the record and the applicable law, we affirm the habeas corpus court's dismissal of the petition.

## Background

In April 2007, the Petitioner was convicted by a jury of second degree murder and sentenced to serve 20 years. His conviction was affirmed on direct appeal. State v. Jermaine Gwin, W2007-02050-CCA-R3-CD, 2009 WL 2970720 (Tenn. Crim. App. Sept. 15, 2009), perm. app. denied (Tenn. Feb. 22, 2010). On December 12, 2013, the Petitioner filed a *pro se* petition for writ of habeas corpus. The habeas corpus court summarily dismissed the petition, finding that the allegations did not demonstrate sufficient grounds for relief and did not allege a void judgment or sentence. On appeal, the Petitioner argues that the trial court lacked jurisdiction to convict him because: (1) the indictment did not track the language of the second degree murder statute and (2) the indictment did not give the Petitioner notice of an essential element of the offense.

## Analysis

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. The procedural requirements for seeking the writ are codified in Tennessee Code Annotated sections 29-21-101 through 29-21-130. Unlike petitions for post-conviction relief, there is no statute of limitations applicable to petitions for writ of habeas corpus. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, the grounds upon which habeas corpus relief will be granted are very narrow. Id. In order to grant habeas corpus relief in Tennessee, it must appear on the face of the judgment or the record of the proceedings underlying the judgment that the convicting court did not have jurisdiction over the defendant or that the defendant's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). As such, habeas corpus relief will be granted when the judgment is void and not merely voidable. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). A void judgment is invalid on its face, clearly showing that the court did not have authority to render it; in contrast, a voidable judgment requires proof beyond the face of the judgment or record to establish its invalidity. Taylor, 995 S.W.2d at 83.

The Petitioner bears the burden of showing, by a preponderance of the evidence, that the sentence is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Moreover, the habeas corpus court may dismiss the petition without appointing counsel or holding an evidentiary hearing if the petition fails to demonstrate that the judgment is void. Tenn. Code Ann. § 29-21-109 (2012); Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004). Whether habeas corpus relief should be granted is a question of law, which we review *de novo*. Hickman, 153 S.W.3d at 19; Wyatt, 24 S.W.3d at 322.

In certain circumstances, deficiencies in an indictment will render a judgment void. Generally, challenges to an indictment must be raised before trial or they are waived. Tenn. R. Crim. P. 12(b)(2)(B), (f). However, an indictment can be challenged in a habeas corpus proceeding if it is "so defective as to fail to vest jurisdiction in the trial court." Wyatt, 24 S.W.3d at 323. Both the United States and the Tennessee Constitutions require that an indictment inform the accused of "the nature and cause of the accusation." U.S. Const. amend. VI; Tenn. Const. Art. I, § 9. To satisfy this constitutional requirement, an indictment must provide sufficient information "(1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy." State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997). Further, Tennessee requires the indictment to state the facts underlying the offense in ordinary and concise language. Tenn. Code Ann. § 40-13-202 (2012). Additionally, our supreme court has held that specific reference to the statute prohibiting the charged conduct may be sufficient to place the accused on notice of the accusation against him. Ruff v. State, 978 S.W.2d 95, 97 (Tenn. 1998); see also State v. Sledge, 15 S.W.3d 93, 95 (Tenn. 2000); State v. Carter, 988 S.W.2d 145, 149 (Tenn. 1999).

In this case, the Petitioner's indictment for second degree murder states:

THE GRAND JURORS of the State of Tennessee, duly selected, empaneled, sworn and charged to inquire for the body of the county of Shelby, Tennessee, upon their oath, present that: JERMAINE GWIN during the period of time between the dates of March 2, 2005[,] and March 5, 2005[,] in Shelby County, Tennessee, and before the finding of this indictment, did unlawfully and knowingly kill JEANNIE SAVIS, in violation of T.C.A. 39-13-210, against the peace and dignity of the State of Tennessee.

The cover page of the indictment also states "Indictment for MURDER SECOND DEGREE."

The Petitioner first argues that his indictment was deficient because it failed to track the language of Tennessee Code Annotated section 39-13-210. Specifically, the Petitioner notes that his indictment lists the offense charged as "murder second degree," but the language of the statute refers to the offense as "second degree murder." The Petitioner contends that the difference in language failed to give him notice of the accusation against him and consequently deprived the trial court of jurisdiction. We note that there is no substantial difference between "murder second degree" and "second degree murder." Additionally, the language the Petitioner challenges is not contained within the count of the indictment itself but is located in the heading on the cover page. Further, the indictment states that the Petitioner did "unlawfully and knowingly kill" the victim, and it includes a

citation to the precise statute the Petitioner is accused of violating. The indictment is sufficient to place the Petitioner on notice of the charged offense. See Ruff v. State, 978 S.W.2d at 97. The issue is without merit.

Second, the Petitioner argues that the indictment failed to include an "essential element" of second degree murder–namely, the indictment did not include language stating that second degree murder is a Class A felony. The felony classification of the offense is not an element of second degree murder. The only elements to second degree murder are: (1) the unlawful killing of another and (2) that the defendant acted knowingly. Tenn. Code Ann. §39-13-210; see also 7 Tenn. Prac. Pattern Jury Instr. T.P.I.–Crim. 7.05(a). The indictment in this case alleges that the Petitioner "did unlawfully and knowingly kill" the victim. This issue is without merit.

**Conclusion**

For the foregoing reasons, we affirm the judgment of the habeas corpus court.


_____
ROBERT L. HOLLOWAY, JR., JUDGE